BOCK v. THE ANCIENT ORDER OF UNITED WORKMEN
*et al.*

**Life Insurance:** ANCIENT ORDER OF UNITED WORKMEN: ADHER-
ENCE TO BOTH LOYAL AND DISLOYAL LODGES: DOUBLE PAYMENT ON
ONE CERTIFICATE. Prior to the schism in the Ancient Order of
United Workmen in Iowa, plaintiff's husband was a member of
Schiller Lodge, in that order, at Clinton, Iowa, and he continued to
be a member of said lodge in good standing up to the time of the
controversy between the Supreme Lodge of the United States and
the Grand lodge of Iowa. He never withdrew from Schiller
Lodge, but continued to pay his dues and assessments to that
lodge until the time of his death, and upon his death plaintiff
presented his claim to said lodge for payment, and it was paid in
full, and her husband's certificate of membership was surrendered
to that lodge, fully receipted. After said schism, however,
plaintiff's husband adhered to what was known as the loyal grand
lodge of Iowa, and assisted in organizing, and became a member of,
Loyal Lodge, No. 237, at Clinton. The loyal lodge, so called, did
not issue new certificates to such of their members as were in good
standing in the disloyal lodge prior to the disruption, because it
claimed to be the only legitimate lodge, and that the members in
good standing before the disruption were *ipso facto* members in
good standing in the loyal lodge, and that the certificates of
membership already issued were certificates of membership in the
only lodge known to the law. Plaintiff's husband paid his dues and
assessments in the loyal lodge, also, up to the time of his death,
and the loyal Grand Lodge of Iowa made and collected an
assessment to pay the amount named in the certificate,
but it refused to pay the same because plaintiff could not
surrender the certificate, receipted, as required by the rules of
the organization. Plaintiff's husband knew that the loyal lodge
did not issue new certificates, and that he was, on account of his
age, at the time of the organization of Loyal Lodge, No. 237,
ineligible to membership as a new member. *Held* that plaintiff's
husband had but one contract of insurance, and that she could not
collect the amount thereof of the loyal lodge, after having
surrendered the certificate to the disloyal lodge upon payment
from it.

*Appeal from Clinton District Court.*—HON. W. F.
BRANNAN, Judge.

FILED, OCTOBER 11, 1888.

THE plaintiff is the widow of Henry Bock. She claims that at the time of the death of her husband he was a member of the Ancient Order of United Workmen, and that she is entitled to receive from said order the sum of two thousand dollars, as the beneficiary, by reason of the death of her said husband. She made the officers of the grand lodge of said order parties defendant, and claimed that they had, by assessment upon the members of the order, collected the amount due to her, and refused to pay the same. There was a trial by the court, and a judgment for the defendants. Plaintiff appeals.

*I. R. Andrews* and *Ellis & McCoy*, for appellant.

*Davison & Lane*, for appellees.

ROTHROCK, J.—The pleadings are quite voluminous, and need not be set out in this opinion. Indeed, there is but little in dispute between the parties as to the material facts in the case. The plaintiff's husband was a member of Schiller Lodge of the A. O. U. W., which was established in the city of Clinton about the year 1874. He became a member at the time of the organization of the lodge, or shortly thereafter. He was a master workman in said lodge, and received a policy of insurance, or rather a benefit certificate, by which it was stipulated that, in case of his remaining in good standing in the order until his death, his widow was entitled to receive the sum of two thousand dollars upon the surrender of the certificates properly receipted. The deceased continued to be a member of said lodge in good standing up to the time of the controversy between the Supreme Lodge of the A. O. U. W. of the United States and the Grand Lodge of the State of Iowa. It is unnecessary to state the nature of that controversy. The facts in connection therewith will be found in the opinion of this court in the case of *State v. Miller*, 66 Iowa, 26. The result of that controversy was that a very large majority of the members of the order of this state refused to submit to the Supreme Lodge of the United States, and

continued to act independently of the supreme lodge. A minority refused to unite with the others, and the consequence was there were two organizations, each claiming to be the regular and legitimate Grand Lodge of Iowa. Each organization recognized the former members of the order as legitimate members of their respective bodies. Henry Bock, the plaintiff's deceased husband, and others, organized a new subordinate lodge at Clinton, called the Loyal Lodge No. 237, under the jurisdiction of the defendant grand lodge. He was then past the age of eligibility to original membership in the order. But each of the rival state organizations claimed that all of the individual members in good standing at the time of the schism were legally members of their respective state organizations, and when Bock went into the new subordinate lodge no beneficiary certificate was issued to him. The defendant grand lodge refused to issue new certificates, because the members had certificates issued to them before the disruption; and it is evident that the refusal to issue new certificates was upon the ground that such act would be in the nature of an acknowledgment of the legitimacy of the rival state grand lodge. In fact, the defendant grand lodge has always claimed that it has rightful jurisdiction over all the subordinate lodges, and that there is no other A. O. U. W. in Iowa excepting such as acknowledge allegiance to that organization which claims to be loyal to the Supreme Lodge of the United States. Bock did not withdraw from Schiller Lodge when he became a member of Loyal Lodge No. 237. He paid his dues in the new lodge until his death, amounting to about twenty dollars, and also paid all dues and assessments made by Schiller Lodge. After his death the plaintiff made the requisite proofs, and presented her claim to the body which refused to recognize the supreme lodge; and this organization, which in the record is denominated the disloyal lodge, paid to her the full sum of two thousand dollars, and she delivered her beneficiary certificate to that organization, fully receipted. A claim was also made against the loyal grand lodge, defendant. An assessment was

ordered to pay the claim, and the amount was collected, and, when payment was demanded, it was refused, because the plaintiff could not surrender the benefit certificate, receipted, as required by the rules of the organization. Upon refusal to pay the two thousand dollars this action was brought.

The primary inquiry in the case is, was the deceased insured in the Ancient Order of United Workmen for four thousand dollars? If he had but a single insurance of two thousand dollars, this action cannot be maintained; for the plaintiff is entitled to but one satisfaction of her benefit certificate. About the only material fact which is in dispute is the claim made by appellant that the deceased gave the master of the defendant grand lodge notice that he claimed insurance in both organizations. We think this fact cannot be said to be established by the evidence. It is positively denied by the grand master, and it is contrary to what we think the deceased knew to be his legal rights. He knew that he was not eligible to take new insurance at the time the new lodge was organized, and he must have known that the defendant lodge refused to issue new benefit certificates. We think it is very plain that he had but one contract of insurance. Each of the state organizations recognized this contract, as valid, because each has at all times claimed the old members as lawfully owing allegiance to but one governing body.

It is insisted by counsel for plaintiff that there was no other reason for non-payment than the plaintiff's failure to surrender the certificate; and that her right to recover cannot be defeated by a mere failure to produce and surrender the certificate, and receipt it. This would doubtless be true if the certificate were lost or destroyed. But the ground of the refusal lies back of the mere failure to surrender the certificate. It was because the plaintiff, by her own act, had put it out of her power to surrender it. She has surrendered it to the rival organization, and received the full amount due upon it. If she had presented it to the defendant while

it was unpaid, she would have been entitled to the payment of two thousand dollars from the defendant upon surrendering it and receipting it. The defendant never denied liability upon the certificate. It refused to issue a new one, and it had no power to do so, because the plaintiff's husband was not eligible to additional insurance. And the defendant is not liable upon the ground of estoppel, simply because the deceased must have known that he had but one contract of insurance, and that was for two thousand dollars. The plaintiff acquired no right to the money because an assessment was made by the defendant. It must be made to appear that it is held by the officers in trust for her. It does not appear that the defendants made any valid contract to pay her the sum claimed, except as embodied in the certificate, which we have found has been fully paid.

AFFIRMED.