### Mary A. Taylor, Appellee, v. American Patriots, Appellant.

1. PLEADING—*when error in sustaining demurrer not ground for reversal.* If a demurrer to pleas has been sustained such action, though erroneous, will not reverse if upon the trial the defendant has been allowed the benefit of the defense set up in such pleas.

2. INSURANCE—*when engaging in prohibited employment will not defeat recovery.* If the insured with knowledge of the insurer has engaged in a prohibited occupation, such knowledge, accompanied by a continuance to accept dues, operates as a waiver of the right to rely upon a defense predicated upon the engagement in such prohibited occupation.

3. FRATERNAL BENEFIT SOCIETY—*relation of subordinate lodge to principal body.* A subordinate lodge is the agent of the supreme lodge and may, by its conduct, waive conditions affecting insurance benefit.

Assumpsit. Appeal form the Circuit Court of Marion county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed February 11, 1910.

KAGY & VANDERVOORT, for appellant.

W. F. BUNDY, L. B. SKIPPER and NOLEMAN & SMITH, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit by appellee, as beneficiary in a benefit certificate issued to her husband, Henry Alfred

Taylor, now deceased, by appellant for the sum of $1,000 and with the further agreement therein to furnish the beneficiary $100 for a monument to be erected to the memory of the deceased.

The defense was that deceased had entered an employment prohibited by the terms of the certificate and was killed while so employed and by reason thereof. The judgment appealed from was in favor of appellee, for $1,118.35.

The deceased, Taylor, as it appears from the proofs, a coal miner, made a written application on February 18, 1907, for a benefit certificate in appellant's society, in which he warranted, among other things, that if he at any time thereafter, should engage in any one or more of certain hazardous or prohibited occupations enumerated in the constitution of appellant, or should engage in any business, employment or occupation that required him to perform as incident thereto any work or duties pertaining to one or more of such hazardous or prohibited occupations, he would send to the recorder written notice of that fact before he engaged in such occupation or employment; that the warranties therein contained should be a condition precedent to the existence of any legal liability on the part of appellant to him or his beneficiaries; that the application together with his answers and the warranties therein contained should constitute a part of the contract of insurance.

It is conceded by appellee that Taylor was employed as a shot-firer in a coal mine for a number of months before his death; that shot-firing was one of the prohibited employments mentioned by said constitution; that his death was occasioned on March 10, 1908, by reason of such employment and that he gave no written notice to the recorder of appellant that he was going to engage in such occupation. It is conceded by appellant that all of Taylor's monthly dues were paid by him and received by the society each month

from the time the policy was issued until the death of the insured.

It is agreed by both parties that as to the facts, the only contested question is whether appellant did or did not waive its right to declare a forfeiture of the benefit certificate in question. A number of witnesses testified on the part of appellee that the insured in the month of December, 1907, at a meeting for the election of officers of the society, declined to accept a certain office, giving as his reason that he was employed as a shot-firer and had not the time to attend to it; that said remark was made in open meeting, when the insured was standing and addressing the presiding officer and in the presence of the recorder; that at another meeting in like manner, in the presence of the recorder, he told the presiding officer he could not act as a member of a banquet committee because he was employed as a shot-firer. The recorder testified that he was present at these meetings referred to and that deceased did not on such occasions give as an excuse for refusing to serve in the positions named, that he was a shot-firer in the mine; that witness did not know Taylor was so engaged before the time of his death.

The fact that the lodge and the recorder were informed that Taylor was employed as a shot-firer, in the manner above set forth, appears to have been proven by a preponderance of the evidence in the case.

Appellant asserts that the court below erred in sustaining a demurrer to certain of its pleas setting up that the filing of the written notice, by the insured, of his being engaged in a prohibited occupation, with the recorder of appellant, was a condition precedent to the right of action of the beneficiary; that this condition had not been fulfilled and therefore the right of action had not accrued to appellee. One of the special pleas, on which the case was tried, contained averments, under which appellant was entitled to set up the defense referred to; and as a matter of fact, appellant did avail itself of this defense upon

the trial and the jury were instructed on the theory that there could be no recovery unless it was shown by appellee that there was a waiver of the condition named. There was therefore no error on the part of the trial court in sustaining the demurrer to said pleas.

Appellant insists that the trial court erred in ruling as to certain of the instructions.

Appellee's first instruction told the jury if they found from a preponderance of the evidence appellant continued the insured as a beneficiary member, and received dues from him after it had knowledge that he was working as a shot-firer and after knowledge that he had not filed his waiver of liability in writing, and further found, from the evidence bearing upon the question, that defendant thereby waived the provision of said benefit certificate and said constitution and by-laws, prohibiting insured from working as a shot-firer in a coal mine, they might find the issues for appellee. Appellant's criticism of this instruction is that it asked a finding of the jury upon the question whether appellant had knowledge of the employment decedent was engaged in when there was no evidence that appellant had such knowledge. This is evidently a misapprehension of the condition of the proofs as the record appears to us to show an abundance of evidence to sustain the contention of appellee in this regard.

It is also contended that the court erred in submitting to the jury the question whether appellant waived the provisions of the benefit certificate, on the ground that the word "waived" was not defined to the jury. In the course of the instruction however, the jury were informed as to the meaning of "waiver" as applicable to the facts in this case; indeed if the jury found that appellant received the dues from the insured on his benefit certificate after it had knowledge that he was working as a shot-firer as submitted by said instruction, it would follow as a matter of course that they

could further find that the provisions in the benefit certificate, constitution and by-laws prohibiting such employment, were waived.

In Orient Ins. Co. v. McKnight, 197 Ill. 190 (a fire insurance case), it is said, in speaking of a provision of the policy which prohibited the insured from doing certain things to increase the hazard to the premises named in the policy, unless notice of the additional hazard was given the company's agent and a waiver thereof written upon or attached to the policy, "such provisions being for the benefit of the company may be waived by it and, when having knowledge of the fact, it should not be permitted to retain the money of the insured and treat the policy as in full force, until a loss occurs, and then for the first time seek to avoid the policy."

In Northwestern Mutual Life Ins. Co. v. Amerman, 119 Ill. 329, where a life insurance policy contained a condition of forfeiture in case the assured should engage in a certain prohibited occupation, it was said: "Conditions like those under consideration, are inserted in the policy for the benefit and protection of the insurer, and may be waived either before or after breach thereof and when the agent of the company, through whom it must act, in dealing with the public, knowing of the right of forfeiture, permits the assured to pay the premium to the company, he relying on his policy as valid and subsisting, the company will be held to have waived the condition. It would be grossly inequitable to permit the company to receive the premiums from an assured, who was induced thereby to rely upon his policy for indemnity, and then insist upon forfeiture from facts known by it to exist, when the premium was paid."

The same rule applies to fraternal benefit societies. "If the company has by its course of conduct, acts or declarations or by any language in the policy, misled the insured in any way in regard to the payments of premiums or created a belief on the part of the

insured, that strict compliance with the letter of the contract, as to the payment of the premium on the day stipulated, would not be exacted, and the assured in consequence, fails to pay on the day appointed, the company will be held to have waived the requirement and will be estopped from setting up the condition as cause for forfeiture.'' Bacon on Benefit Societies, sec. 433; Grand Lodge A. O. U. W. v. Lachmann, 199 Ill. 140.

''What acts will in all cases amount to a waiver of a forfeiture of membership in a mutual benefit society, cannot be definitely stated but conduct on the part of the society, which amounts to a recognition of a member's claim to the continuing rights of membership, will relieve him from the consequences of his default. The receipt of assessment after default in payment is a common form of waiver. The question of waiver is in most cases a question of fact for the jury. 16 Am. & Eng. Ency. of Law 83.'' Ry. Con. Ben. Ass'n. v. Tucker, 157 Ill. 194.

Appellee's second instruction, which is complained of by appellant, informed the jury if they believed from a preponderance of the evidence, appellant had a local council or a lodge in the city of Centralia, consisting of members of the society, and that said local council elected a clerk and other officers, authorized to receive and collect dues and assessments from the members and forward the same to the home office of appellant, take applications for members and deliver benefit certificates to them, those facts might be taken into consideration in determining whether the local council and its officers were the agents of appellant; that if the fact that Taylor was following the occupation of shot-firer, was communicated by him to the local council and some of its officers, several months before his death, appellant would be charged with knowledge of the fact; that if said local council and clerk continued to receive the dues and assessments from Taylor, with knowledge of the fact that

he was engaged in such occupation, and appellant did not exercise its option to declare the benefit certificate forfeited, then appellant waived the forfeiture and the issues would be found for appellee. "In associations of this character, the relations of the members to the order is necessarily through the subordinate lodges and when a forfeiture of the certificate of insurance is insisted upon, it is proper to show that the subordinate lodge with full knowledge of the alleged cause of forfeiture, continued to treat the insurance as in full force, receiving the member's dues and paying the money over to the supreme lodge." High Court Ind. Or. Foresters v. Schweitzer, 171 Ill. 325; Coverdale v. Royal Arcanum, 193 *id.* 91.

In the same connection it is stated in Grand Lodge A. O. U. W. v. Lachmann, *supra:* "it is settled in this state that the relation of subordinate lodges to the grand lodge in societies of this kind, is that of agency."

Appellant complains that the fifth instruction, offered by it, which stated, if the jury found that the recorder of the lodge did not have any knowledge that Taylor was engaged in a prohibited occupation, and that he did not comply with his contract of insurance, as alleged in the declaration, they should find for appellant, was improperly modified by the court by striking out the word "recorder" and inserting in lieu thereof, the phrase "local council and some of the officers." In view of the law in reference to the relation between subordinate lodges and the principal lodge above stated, and under the facts in this case as shown by the evidence, the modification of said instruction was not erroneous.

Appellant's eighth refused instruction told the jury there could be no waiver of the conditions of the policy, forfeiting the same, unless appellant intended to waive the forfeiture clause. This instruction was properly refused as it deprived the jury of the right of finding a waiver of forfeiture from the acts of ap-

pellant through its subordinate lodge and officers and from the circumstances surrounding the case.

We find no substantial error committed by the court in regard to the instructions and upon the whole the jury seem to have been fairly and fully instructed upon the law governing the case.

The judgment of the court below will be affirmed.

*Affirmed.*