GRAND LODGE ANCIENT ORDER OF UNITED WORKMEN
OF THE STATE OF ARKANSAS *v.* DAVIDSON.

Opinion delivered January 22, 1917.

FRATERNAL INSURANCE—WAIVER OF FORFEITURE—KNOWLEDGE OF SU-
PREME OFFICERS.—Deceased held a certificate in appellant order; by the laws of the order and by the terms of his application, the certificate would become void if the holder engaged in the retail of intoxicating liquors. When the certificate was written, deceased was a locomotive engineer, but he left that occupation and entered the retail liquor business. This was known to the supreme officers of the lodge, who, however, continued to accept payment of his dues. Deceased was fully paid up at the time of his death. *Held*, the appellant order was estopped from pleading the breach of the rules of the order by accepting dues and otherwise treating deceased as a member in good standing, after it discovered that deceased was engaged in the retail liquor business contrary to the contract.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks*, Judge; affirmed.

*R. C. Powers*, for appellant.

1. The laws of the order were made a part of the contract and prohibited applicant from engaging in the business of selling, by retail, any intoxicating liquors.

This provision is valid.   80 Ark. 419;   81 *Id.* 512;   105 *Id.* 140;   52 *Id.* 202;   55 *Id.* 210;   98 *Id.* 421;   109 *Id.* 400;   87 N. W. 293;   16 Hun. 494.

2.   There was no waiver.   104 Ark. 538, 544;   22 Mo. App. 127.   Officers cannot disregard the laws of the order.   105 Ark. 140-3;   16 Hun. 494.

3.   Where the means of knowledge are equal, there is no estoppel; nor should estoppel exist without some act of the party estopped misleading the other to his disadvantage.   153 Ky. 636;   156 S. W. 132;   45 L. R. A. 1148.   The doctrine cannot be invoked here.   Waiver is but the principle of estoppel and cannot be invoked unless the conduct of the insurer has been such as to induce action or inaction in reliance thereon and where it would operate to mislead a party to his injury.   106 Mich. 23;   108 Wisc. 490;   87 N. W. 293.

4.   Under the evidence Davidson wilfully disregarded the laws and rules of the order and there can be no recovery on the policy.   231 Ill. 134;   83 N. E. 127;   14 L. R. A. (N. S.) 540;   Bacon on Ben. Soc. (3 Ed.), par. 81;   May on Ins. Vol. 2, par. 552.   The policy was not voidable but absolutely void.   3 Hill 508;   25 L. R. A. (N. S.) 78 and note;   101 N. Y. Supp. 168, and cases in 25 L. R. A. (N. S.) 78;   36 Mont. 325;   92 Pac. 971;   2 Bac. Ben. Soc. (3 Ed.), par. 434, A.

5.   Appellant is not estopped by receiving dues, after knowledge, under the contract.   The presumption is that the assured will not violate his contract.

*T. N. Robertson*, for appellee.

1.   By continuing to accept dues, after notice, the forfeiture was waived.   53 Ark. 499;   82 *Id.* 163;   94 *Id.* 232;   111 *Id.* 435-6, 446;   25 Ind. 637;   57 N. E. 203;   83 Iowa 23;   48 N. W. 1069;   81 N. Y. 410;   119 Ill. 329;   61 N. E. 915;   29 Cyc. 185-6.   These authorities clearly show that if the order with notice that the assured was engaged in the retail liquor business, continued to accept dues and treat him as a member, it waived its right to claim a forfeiture.

2. As to notice, see 29 Cyc. 1113; Black's Law Dictionary, *verbum;*  70 Iowa 455.

3. The order retained the dues after knowledge that he was in the saloon business and never offered to refund. It is clearly liable. 102 Ark. 151; 59 N. E. 37; 60 S. W. 37; 72 N. W. 74; 82 N. W. 441; 94 Wisc. 253; 111 Ind. 531; 11 N. E. 477. Forfeitures are not favored by the courts and the doctrine of waiver and estoppel is well recognized. Cases *supra.*

HUMPHREYS, J. Appellant is a fraternal, benevolent association, incorporated under the laws of the State of Arkansas. Mrs. Lillie Davidson, appellee, is the widow of Chas. O. Davidson who held a beneficiary certificate payable to his wife, the appellee herein, for the sum of $1,000 in said order. Chas. O. Davidson died on the ........ day of December, 1914, a member in good standing of said order, having paid all his dues in said order on said certificate of insurance. In his application for membership he agreed "That if I should enter into the business or occupation of selling, by retail, intoxicating liquors, as a beverage, I shall stand suspended from any and all rights to participate in the beneficiary fund of the order, and my beneficiary certificate shall become null and void from and after the date of my so engaging in said occupation, and no action of the lodge of which I am a member, or of the Grand Lodge, or any officer thereof, shall be necessary or a condition precedent to any such suspension. In case any assessment shall be received from me while so engaged in such occupation, receipt thereof shall not continue my beneficiary certificate in force, nor shall it be a waiver of my so engaging in such occupation."

In so far as the payment of claims is concerned the Grand Lodge of the Ancient Order of United Workmen, of Arkansas, is a jurisdiction unto itself. It is an Arkansas corporation. The Supreme Lodge of this order has no jurisdiction or control over the Grand Lodge of Arkansas with reference to the payment of claims. In other words, the Grand Lodge of Arkansas of the

A. O. U. W. is, supreme with reference to the insurance feature of the order. It has a board of directors consisting of the Grand Master Workman, who is president, the Grand Recorder, who is secretary, the Grand Receiver, who is treasurer, and the chairman of the law committee. In this board is vested the general management and control of the entire business matters of the Grand Lodge and they exercise all the powers and functions of the Grand Lodge when the same is not in session; save and except the power to amend the charter, constitution and general laws of the Order, said management to be according to the laws of the Order.

No person is permitted to become a beneficiary member in the order who is engaged in the sale, by retail, of intoxicating liquors as a beverage.

By the laws of the Order no member who shall engage in the retail sale of intoxicating liquor as a beverage after August 1, 1898, shall participate in the beneficiary fund of the Order, and his beneficiary certificate shall become null and void from and after the date of so engaging in said occupation; and it is also provided that no action of the lodge of which he is a member, or of the Grand Lodge or any officer thereof, shall be necessary or a condition precedent to any suspension. for said cause; and it is also provided that a receipt for the payment of any assessment after said date shall not continue the beneficiary certificate of such member in force, nor shall be a waiver of his so engaging in such liquor business.

When the certificate of insurance sued on in this case was first issued, Chas. O. Davidson was a member of the Batesville Lodge of the A. O. U. W.; that lodge became defunct and in 1911 he was transferred to the Grand Lodge at Little Rock and paid his dues to the Grand Recorder William Murray. Later he was transferred out of the Grand Lodge into Home Lodge No. 5 of Little Rock by the officers of the Grand Lodge. At the time the beneficiary certificate was issued to him he was a locomotive engineer on the St. Louis, Iron Mountain & Sou. Ry. Co. He received an injury, and

in 1907 he engaged in the retail sale of whisky in Memphis and in the following year engaged in the same business in Little Rock. He then moved to St. Louis and continued in the business in both St. Louis and East St. Louis up to the date of his death. He was killed by a footpad in the place of his business. While a member of the Grand Lodge in Little Rock he paid his dues to William Murray who was Grand Recorder. John R. Frazier was at the same time Grand Master Workman of the Order, and at the time of the introduction of this suit still occupied that position. William Murray, Grand Recorder, was a member and secretary of the board of directors of the appellant, and John R. Frazier, Grand Master Workman, was a member and president of said board. They both knew at the time Davidson was paying his dues into the order that Davidson was engaged in the retail liquor business and that he had been engaged in it for several years. When appellee made proof of the death of her husband and applied for the insurance, the Grand Recorder H. L. Cross, wrote her the following letter:

"Little Rock, Arkansas,
2-24-1915.
"Mrs. C. O. Davidson,
City.
"Dear Mrs. Davidson:
"The death proof of your husband, C. O. Davidson, formerly a member of Home Lodge No. 5, was submitted to the Financial Committee and on investigation they have decided it not a legal claim.
"Owing to the fact that he had entered the saloon business and had been in the business over four years, as per statement of the death papers, this is a notice to you of the refusal of the Grand Lodge to pay said claim.
"Fraternally yours,
"H. L. Cross, Grand Recorder."

The position assumed by appellant in this letter caused appellee to bring suit upon the beneficiary certificate against appellant in the Pulaski Circuit

Court, Third Division, wherein she recovered a judgment of $1,000 and interest. Proper proceedings were had and this cause is here on appeal.

Under the terms of the application and beneficiary certificate, the application and the constitution and by-laws of the Order became a part of the contract. It was the duty of the insured to live up to it. Having breached the contract by engaging in the liquor traffic contrary to its provisions, no right could accrue to the beneficiary, appellee herein, unless appellant is estopped from pleading the breach by accepting dues and otherwise treating insured as a member in good standing after it discovered the fact that the insured was engaged in the liquor business contrary to the contract.

The insured in this case ran a saloon openly and above board for more than four years before he was killed, with knowledge of two of the Supreme officers of the A. O. U. W.

Appellant strenuously insists that this case is controlled by the several declarations of law made by this court in the case of *Woodmen of the World* v. *Hall*, 104 Ark. 538. The case at bar is distinguishable from that case. In rendering the opinion in that case Justice Frauenthal said that the appellant or its Supreme officer had no knowledge of the facts set up in the defenses. In that case the beneficiary certificate was obtained by a misrepresentation, Hall stating in his application that he was a farmer, when in fact he was in the liquor business and had been for several years. It was held in that case that the officers and subordinate lodges of a mutual benefit society had no authority to waive the provisions of its by-laws and constitution which relate to the substance of the contract between an applicant and the association; having reference to the case in hand where a misstatement had been made in the procurement of the contract, and not to such a case as the case at bar.

In the case of *German Ins. Co.* v. *Gibson*, 53 Ark. 499, Mr. Justice Battle quoted approvingly from Mr. Justice Bradley who said, " We have recently (referring

to the Supreme Court of the United States) in the case of *Insurance Company* v. *Norton*, shown that forfeitures are not favored in the law; and that courts are always prompt to seize hold of any circumstances that indicate an election to waive a forfeiture, or an agreement to do so, on which the party has relied and acted. Any agreement, declaration, or course of action, on the part of an insurance company which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will and ought to estop the company from insisting upon the forfeiture *though it might be claimed under the express letter of the contract.* The company is thereby estopped from enforcing the forfeiture."

Provisions of this character in certificates or policies are regarded in the law as conditions for the protection and benefit of the association or insurance company. The insurer can take charge of them and declare forfeitures in case of a breach of the contract but the association itself acting by its Supreme officers can waive the breach. There is no difference between this contract and any other contract. Individuals and business corporations can waive favorable provisions in their contracts and there is no reason why fraternal organizations should not be permitted to waive forfeitures in their contracts.

In the case of *Peebles* v. *Eminent Household of Columbian Woodmen*, 111 Ark. 435, this court said, "As stated in the case of *Masonic Life Association* v. *Lizzie P. Robinson*, 149 Ky. 80, when an insurance company has information of facts that would avoid a policy of insurance, in justice to the insured and in the honest conduct of its business, it ought to at once notify the insured of the facts in its possession and advise him that his policy is cancelled, or take such action as may be necessary and proper to inform the insured of the condition of this policy and his relation to the company. The court further said that it would be manifestly unfair to permit an insurance company with full posses-

sion of facts that it intended to rely on to defeat the collection of the policy whenever it matured, to continue to demand and receive from the insured premiums, as if his policy was a valid and binding contract that it intended to perform when the time of performance came." This doctrine is in accord with the weight of authority. *Supreme Tent K. M. W. v. Volkert*, 25 Ind. App. 627; *Ind. Order of Foresters* v. *Cunningham*, 156 S. W. 193; *Thomas* v. *Modern Brotherhood of America*, 127 N. W. 572; *Pringle* v. *Modern Woodmen*, 76 Neb. 384; *Warnebold* v. *Grand Lodge*, 83 Iowa 23; *Titus* v. *Glens Falls Insurance Co.*, 81 N. Y. 410; *Mary A. Taylor* v. *American Patriots*, 152 Ill. App. 578; *Orient Ins. Co.* v. *McKnight*, 197 Ill. 190.

We think the law as stated by Judge Frauenthal in the case of *Woodmen of the World* v. *Hall*, 104 Ark. 539, in no way conflicts with the opinion in this case. That case deals with the powers of subordinate officers and lodges to waive the provisions of the by-laws and constitution of the association which relate to the substance of the contract between the applicant and the association, and as heretofore stated Judge Frauenthal took particular pains to say that in that case it did not appear either that the appellant or its Supreme officers had any knowledge of the facts set up in the defenses. In the case at bar the appellant through its Supreme officer did know that Chas. O. Davidson had been openly engaged in the retail sale of liquors for several years and during that time received him into the Grand Lodge of Little Rock out of the Batesville Lodge and afterward transferred him out of the Grand Lodge into a local lodge in Little Rock, and while in the Grand Lodge at Little Rock received his dues directly for several years.

Under our view of the law the findings and declarations of the circuit court are in all things correct and the judgment is affirmed.