PATE *v.* MODERN WOODMEN OF AMERICA.

Opinion delivered May 14, 1917.

BENEFIT · INSURANCE—WAIVER OF CONDITIONS—AUTHORITY OF LOCAL COLLECTOR.—A policy of insurance provided that it become forfeited if the insured became addicted to the use of intoxicating liquor, drugs or narcotics. The constitution and by-laws contained the same provisions. *Held,* a local collecting agent, with knowledge that the insured was indulging in the use of intoxicants, was without authority to waive the restrictions in the policy.

Appeal from Conway Court; *A. B. Priddy,* Judge; affirmed.

*Edward Gordon,* for appellant.

1. Appellee waived the forfeiture and was estopped after the death of assured. 111 Fed. 113; 62 Neb. 89; 86 N. W. 943; 146 Mass. 248; 15 N. W. 624; 89 N. W. 641; 26 Col. 252; 58 Pac. 595; 171 Ill. 325; 49 N. E. 506; 7 L. R. A. 262; 62 Neb. 89; 86 N. W. 943; 68 Neb. 660; 94 N. W. 814; 96 *Id.* 154; 35 Fed. 252; 78 Cal. 49; 20 Pac. 41. 104 Ark. 104 does not apply. 22 Mo. App. 127; 107 N. W. 756.

2.  When a mutual benefit insurance company continues to collect dues with a knowledge of a forfeiture they waive the forfeiture and are estopped. 125 Mo. App. 214; 102 S. W. 601; 37 N. E. 1105; 111 Ind. 531; 76 N. W. 37; 11 *Id.* 13; 58 Pac. 595.

3.  Where a benefit society with knowledge of the falsity of statements in the application with respect to the health and habits of insured has demanded and received assessments, it will be deemed to have waived a forfeiture for misrepresentations. 77 Ind. 203; 40 Am. Rep. 295; 16 Cent. L. J. 407; 64 N. H. 291; 9 Atl. 103; 44 Ore. 543; 75 Pac. 1067; 60 S. W. 1020; 52 Am. Rep. 227; 109 Ill. App. 27; 84 Ky. 110; 35 Fed. 252; 43 N. W. 373; 73 S. W. 326; 59 N. W. 943, and others. Having accepted full payment without question as to health and issued an unconditional receipt, the forfeiture was waived. 137 Ill. 417; 27 N. E. 538; 94 Wis. 42; 68 N. W. 415; 62 Neb. 89; 86 N. W. 943; 15 N. E. 624; 72 N. W. 74; 16 *Id.* 395; 27 *Id.* 770; 64 *Id.* 301; 75 *Id.* 862; 59 *Id.* 747; 43 Am. St. 701; 41 Neb. 547, and many others. This doctrine has been approved in 111 Ark. 436.

*Truman Plantz, Geo. G. Perrin* and *Chas. C. Reid,* for appellee.

1.  The policy was void from the intemperate use of liquor. 104 Ark. 538; 125 Ark. 115; 122 Ill. App. 635; 151 *Id.* 49; 143 N. W. 999; 117 N. W. 299; 78 *Id.* 677; 175 S. W. 172, and others.

2.  There was no waiver. 134 Mich. 357; 96 N. W. 443; 56 Mich. 390; 120 N. W. 994. The local clerk had no authority to waive. 69 N. E. 718; 44 S. W. 688; 48 Atl. 544; 95 U. S. 326; 117 N. W. 21; 92 *Id.* 206; 89 *Id.* 775; 109 *Id.* 158; 72 S. E. 704, and 75 others.

McCulloch, C. J. The defendant Modern Woodmen of America is a fraternal benefit society incorporated under the laws of the State of Illinois, and Charles P. Pate of Plummerville, Arkansas, was a member of that

society holding a benefit certificate or policy therein, payable to his wife, who is plaintiff in this action.

Charles P. Pate died on June 1, 1916, and upon refusal of the defendant to pay the amount of the certificate or policy after due proof of death, this action was instituted to recover the amount. The benefit certificate, in connection with the constitution and by-laws of the order, contained the following stipulation:

"If the member holding this certificate shall * * * become intemperate in the use of intoxicating liquors, or in the use of drugs or narcotics; or if his death shall result directly or indirectly from his intemperate use of intoxicating liquors, drugs or narcotics * * * then this certificate shall be null and void and of no effect, and all moneys which have been paid, and all rights and benefits which may have accrued on account of this certificate, shall be absolutely forfeited and this certificate shall become null and void."

Defendant pleaded a forfeiture under the stipulation quoted above, and plaintiff relied on an alleged waiver of the forfeiture. The cause was tried before the court on an agreed statement of facts, in which it was stated that Charles P. Pate was intemperate in his habits and drank intoxicating liquors to the extent that he was afflicted with chronic alcoholism, and that his death resulted from excessive use of intoxicating liquors. It was also agreed that the secretary of the local organization of defendant at Plummerville, whose duty it was to collect the dues and assessments for defendant for a certain compensation, collected the dues of Charles P. Pate for several years before he died with full knowledge that said Pate was addicted to the excessive use of intoxicants and was afflicted with chronic alcoholism, and that other officers and members of the local organization knew of said condition of the assured. The trial court decided the issues in favor of defendant, and the plaintiff has appealed.

The case is, we think, controlled by the decision of this court in *Woodmen of the World* v. *Hall,* 104 Ark. 538, where the law was stated as follows:

"It has been held, it is true, that the relation of the subordinate lodges to the supreme body of a benefit society is regarded in some transactions as that of agency, and that the general rules of agency in such matters apply to agents of all kinds of insurance companies—mutual benefit associations as well as stock companies. \* \* \* But it is well settled by the weight of authority that the officers and subordinate lodges of a mutual benefit association have no authority to waive the provisions of its by-laws and constitution which relate to the substance of the contract between the applicant and the association."

The same rule was declared and adhered to in the more recent case of *Clinton* v. *Modern Woodmen of America,* 125 Ark. 115. That rule was clearly recognized in *Peebles* v. *Eminent Household of Columbian Woodmen,* 111 Ark. 435, but we held in that case that the supreme governing body of the society had delegated certain powers to the local officers, whose conduct in the exercise of that authority might have operated as a waiver by estoppel. Also in the case of *Grand Lodge Ancient Order of United Workmen* v. *Davidson,* 127 Ark. 133, 191 S. W. 961, the rule was recognized, but we held that the officers of the supreme governing body could waive a forfeiture. In that case a forfeiture was claimed by reason of violation of the stipulation in the contract with respect to engaging in the liquor traffic, and we held that receipt of premiums or assessments paid by the assured to the grand secretary, who had knowledge of the violations, constituted a waiver of the forfeiture. The decision, however, was based entirely upon the fact that the premiums were accepted by one of the officers of the supreme governing body and we distinguished the case from *Woodmen of the World* v. *Hall, supra,* on that ground.

It is not claimed in the present case that any of the supreme officers had any knowledge of the existence of grounds for forfeiture, and the sole claim is that there was a waiver on account of the knowledge of the local officer who collected the premiums. There was no delegation of authority to the local officer with respect to the ascertainment of the condition of the assured. The authority was confined merely to the collection of the regular assessments, and the local officer had no other duty to perform, and for that reason the case does not come within the rule announced in *Peebles* v. *Eminent Household of Columbian Woodmen, supra.* We are of the opinion, therefore, that the decision of the circuit court was correct. Judgment affirmed.