## ENGLISH v NATIONAL CASUALTY CO.

Ohio Appeals, 8th Dist, Cuyahoga Co

No 17717.  Decided Sept 23, 1940

Messrs. White & Mierke, Cleveland, for plaintiff-appellant.

Messrs. Flynn & Benesch, Cleveland, for defendant-appellee.

### OPINION

'Y THE COURT:

The majority of this Court hold that the judgment of the Municipal Court of the City of Cleveland should be, and the same is hereby affirmed.

Application for rehearing is overruled.  Exceptions may be noted.

TERRELL, PJ., LIEGHLEY, J., concur. MORGAN, J., dissents.

By MORGAN, J. (Dissenting):

On April 27, 1937, The National Casualty Company defendant appellee, delivered to Harry English, plaintiff-appellant, its policy of accident insurance, by the terms of which the company agreed to pay to the plaintiff certain indemnities during the period of one year from April 27, 1937, for injuries caused by or while operating an automobile.  The annual premium for the policy was $12.50 which was duly paid.

Section 20 of the said policy is as follows:

"§20. The insurance under this policy shall not cover any person under the age of fifteen years nor over the age of sixty-five years. Any premium paid to the Company for any period not covered by the policy will be returned upon request."

As part of the application for said insurance, the plaintiff stated that he was sixty-four years of age and that the date of his birth was March 4, 1873. It is admitted that this statement was correct.

The plaintiff became sixty-five years of age on March 4, 1938.  The Company however, later billed him for another annual premium of $12.50 which he paid and the Company thereupon issued and delivered to him an official renewal receipt by the terms of which the company agreed to renew and to continue in force said automobile accident policy of insurance for another year. On July 9, 1938, the plaintiff was injured while driving his automobile and it was agreed that his injuries were within the terms of the policy.  Plaintiff duly notified defendant company of the accident and he complied with all other conditions of the policy.

On December 23, 1938, the Company informed the plaintiff that it denied liability under the policy by reason of the fact that when the policy was renewed for another year and at the time of the accident the plaintiff was over the age of sixty-five years. On the same date the Company tendered to plaintiff's counsel a check for $14.35 representing premium returned. Plaintiff at no time made a request for the return of the premium for the policy issued April 27, 1938, and the check for the premium has not been cashed.

It is also agreed by the parties that if under the agreed facts the policy is valid and enforceable, the plaintiff is entitled to recover from the defendant for his injuries so sustained, the sum of $800.00.

The question in this case is whether or not the defendant company, by accepting a further annual premium on the policy and delivering its renewal certificate agreeing to renew and to continue in force the insurance until April 27, 1939, should be held to be estopped from asserting or to have waived its defense under §20 of the policy.

In 14 Ruling Case Law, page 1166, §346, it is stated:

"It is usually held that where the insurer, at the time of the issuance of the policy of insurance, has knowledge of existing facts which, if insisted upon, would invalidate the contract from its very inception, such knowledge constitutes a waiver of conditions in the contract inconsistent with the known facts, and the insurer is estopped thereafter from asserting the breach of such conditions. * * * And when the policy contains a condition which renders it void at its inception, and this result is known to the insurer, it will be presumed to have intended to waive the condition, and to execute a binding contract rather than to have deceived the insured into thinking his property is insured when it is not, and to have taken his money without a consideration."

Also, 14 Ruling Case Law 1171, §367:

"It is also a settled rule of law that where an insurer has knowledge of facts entitling it to treat a policy as no longer in force, and thereafter it receives a premium on the policy. it is estopped to take advantage of the forfeiture. It can not treat the policy as void for the purpose of defense to an action to recover for a loss thereafter occurring. and at the same time treat it as valid for the purpose of earning and collecting further premiums."

We find that the above statements in Ruling Case Law are quoted and referred to with approval in a majority of the cases that we have examined on this general subject.

Our examination discloses that there have been a large number and great variety of cases decided by the Courts of last resort in this Country which have approved and have applied these principles of law. In all of these cases the insurance company, by reason of fraud or non-compliance with some provision in the policy, had a complete defense to any liability under the policy but was estopped from asserting or was held to have waived the defense by the acceptance of the premiums under the policy.

The general principle is well stated in Phoenix Life Insurance Company v Raddin, 120 United States 183, at page 196, as follows:

"It follows that the only question upon the instructions of the Court to the jury, which is open to the defendant on this Bill of Exceptions. is whether, if insurers accept payment of a premium after they know that there has been a breach of a condition of the policy, their acceptance of the premium is a waiver of the right to avoid the policy for that breach. Upon principle and authority, there can be no doubt that it is. To hold otherwise would be to maintain that the contract of insurance requires good faith of the assured only, and not of the insurers, and to permit insurers, knowing all the

facts, to continue to receive new benefits from the contract while they decline to bear its burdens."

This principle was approved and applied, amongst others, in the following cases:

United Workmen v Davidson, 127 Ark. 133.

Caldwell v City of N. Y. Insurance Co., 245 S. W. 602.

Benanti v Delaware Ins Co., 86 Conn. 15.

Mull v U. S. Fidelity & Guaranty Co. 35 Idaho Rep. 393.

Masonic Life Ass'n. of Western N. Y. v Robinson, 149 Ky. Rep. 80.

New England Mutual Life Ins. Co. v LeVey, 264 Mich. Rep. 282.

L. Kent Millis v Cont. Life Ins. Co., 162 Wash. Rep. 555.

In **National Surety Company v Bowen, 125 Oh St 537, p. 547,** it is stated:

"Under the facts of this case, where the complete transaction was laid before the agents of the company for the purpose of enabling the proper officers of the company to pass intelligently upon the risk, the company cannot be permitted to take the position that the policy was written without the knowledge of the facts. The words 'estoppel' and 'waiver' are used almost interchangeably by the courts in reaching such result.

"A waiver is effected when the officer or employee of the insurance company, having authority or discretion in the matter of the issuance of policies, issues a policy with actual knowledge of the existence of facts which would avoid it under its terms."

The exact question presented in this case was decided in Smith v Liberty Life Insurance Co., 118 Neb. 557. In that case one Smith took out an automobile accident insurance policy with the defendant company when sixty-four years of age. The limitation in the policy as to the age of the insured is identical with §20 of the policy issued to the plaintiff in this case.

Smith continued to pay premiums on the policy after reaching the age of sixty-five years and he paid the renewal premium for the year beginning July 6, 1927. On August 27, 1927, Smith died from an injury received while operating an automobile.

It is thus seen that the Nebraska case is in all respects identical with the instant case.

The court said on page 560:

"In view of the facts before us, we conclude that the company waived the provisions of the above recital in its policy. The age of the insured was written on the face of the application for insurance by the defendant company when the policy was drawn up and the company was, of course, thereby charged with knowledge that plaintiff would be sixty-five before a year had elapsed. And in due course the company accepted the premiums, not only for the second year, but for the third year of the policy as well, the last premium being paid less than two months before the accident which caused the death of the insured."

Accord: Western Casualty Co. v Aarons, 277 Pac. 811 (Colorado).

The defendant contends that this question was before the court and decided adversely to the plaintiff in **Denlinger v Insurance Co., 16 Abs 143.** In the Denlinger case the insurance policy provided that "The policy shall not cover any person under the age of 14 years or over the age of 70 years." Denlinger was 65 years of age when he received an accident insurance policy from the defendant company, but he was over 70 years of age when injured, all premiums having been paid in the meantime.

The opinion is a short one, and concludes with the words:

"We think the judgment of the lower court must be affirmed for the reasons stated in detail in the opinion of the Common Pleas Court."

An examination of the opinion of the Common Pleas Court discloses an important difference between the Denlinger case and the instant case. Denlinger did not state his age in the application for insurance and as to the knowledge of the company as to his age, the common pleas court said:

"There is some testimony on behalf of Mr. Bookwalter, the agent, that there was some discussion as to the birthday but the court does not gather from the evidence of Mr. Bookwalter or Mrs. Denlinger that the birthday was given to Mr. Bookwalter."

This is a very different case from one where the exact age of the applicant for insurance was given in the application.

The practical effect of a decision in favor of the defendant in this case should not be lost sight of. Such a decision means that an insurance company knowing the age of an insured can continue to accept premiums from him after he has exceeded the age limit stated in the policy, with the certain knowledge that if there should be a loss under the terms of the policy the Company will not be liable for the loss. Also the Company can be almost equally certain that the return of the premiums once paid by such an insurer will never be demanded by him. It is a "heads I win and tails you lose" proposition for the insurance company.

That such a result will not be uncommon is shown by the facts in this case. Plaintiff received the injuries for which this action was brought on July 9, 1938 and plaintiff duly notified defendant of the accident and of his claim under the policy on July 16, 1938. Defendant as stated, on December 23, 1938, formally denied liability under the policy and tendered the unearned premium. Notwithstanding all this, on March 13, 1939, defendant again sent plaintiff a premium notice advising him that the renewal premium for this same policy in the amount of $12.50 would be due on April 27, 1939, and that on the payment of this premium the policy would be continued in effect until April 27, 1940. A second similar notice of premium due was sent to the insured on April 10, 1939.

There is nothing unfair to the insurance company to require it so to keep its records when it has in its files accurate information as to the age of an insured and when the policy issued by it has an age limit, that it should not send to an insured who has exceeded the age limit renewal premium notices and, on the payment of such premium, its official renewal receipts renewing and contiuing the insurance in force for another year, when at the same time it has no intention to continue the insurance in force and when it intends to make use of the age limit provision in the policy to defeat the liability under it. To hold otherwise would be against good conscience, good morals and would be a travesty on justice.

The plaintiff was injured in this case a few months after passing his 65th birthday. In the case of Wilson v Mid-Continent Life Ins. Co., 159 Okla. 191, the Supreme Court of Oklahoma, construing a similar provision in the policy fixing an age limitation, held that a person is not over the age of 65 years within the meaning of such an insurance policy until he has reached his 66th birthday "and fractions of the year should not be considered." The decision in this Oklahoma case, of course, if followed requires a decision in favor of plaintiff. We prefer, however to rest this dissenting opinion on the grounds previously stated.