BAKER *vs* WASHINGTON and WASHINGTON.

1. A party who should have pleaded in a cause, but who has proceeded to trial, without objecting, as upon a regular issue, will not be permitted to avail himself, in error, of the absence of a plea or issue—none appearing in the record, where a verdict and judgment seem to be rendered as upon issue formed.

2. Trustees may well maintain the action of detinue, for the trust property.

3. The statute of 1803, upon the subject of frauds and fraudulent conveyances,* does not embrace deeds of trust, mortgages, or other conveyances, *upon valuable consideration,* so as to render their proof or acknowledgment and registration within twelve months, as required by the second section of that act, necessary to their validity.

4. So, this statute was held not to include a deed of trust, [of personal property,] *upon valuable consideration,* (executed prior to the enactment of the statute of 1828,†) as that its validity depended upon the proof or acknowledgment and registration, required in the second section of the act of 1803.

5. In such case, proof of the original execution of the deed of trust, by one of the subscribing witnesses, held to be sufficient to authorise its being read to the jury.

6. But in the case of such deed of trust, not embraced by the statute of 1828, and required to be thus proved and recorded, the *mere recording of it,* would not be notice to all the world, of the condition of the property conveyed.

Error to the Circuit Court of Tuskaloosa.

Starke Washington and John P. Washington, as trustees for the use and benefit of the administrators of the estate of Charles King, commenced an action

---

*Aikin's Digest, 207, sec. 2.            †Ibid. 208, sec. 5.

of detinue against Robert P. Baker, for the recovery of a negro man slave, named Ben.

At October term, 1831, the record states, the parties came, by their attorneys, and thereupon came a jury, to wit, &c. who, being elected, tried and sworn, the truth to speak *upon the issue joined*, on their oaths do say, they find the issue in favor of the plaintiff, &c. No plea or issue, however, appeared in the record.

A bill of exceptions, appended to the record, disclosed, that on the trial, the plaintiffs, in support of their title to the slave, produced, in evidence, a deed of trust, executed by Robert Elliott, on the 23d day of February, 1826, to the said plaintiffs, as trustees for the benefit of Charles King; in which said deed was embraced both real and personal property, which property, and the parties thereto, at the time of executing the deed, were in the County of Limestone; and after having proved the execution of the same, by one of the subscribing witnesses—in order to show that the said deed had been duly recorded, offered the same, with the following anthentication, to wit :

"The State of Alabama, County Court of Limestone, July the 18th, 1826. A deed of trust, executed by Robert Elliott, to Starke Washington and John P. Washington, to secure the payment of certain sums of money therein specified, was this day proven, in open Court, by the oath of Thomas P. Washington; which was ordered to be certified for registration.

"Test, J. ROBERSON, clerk."

" The State of Alabama—County Court. Clerk's office of Limestone County. The foregoing deed of

trust was delivered in, at the office aforesaid, to be recorded, the 18th day of July, 1826; which was duly done, this 17th day of August, 1826.

"Test,          J. ROBERSON, clerk."

The introduction of this deed was objected to, by the defendant; which the Court overruled, and the deed, with the aforesaid authentication, was permitted to be read to the jury; and the Court charged the jurors, that said authentication was sufficient to give notice to the world, of the true condition of the property embraced in it, so far as related to the personalty.

To this opinion the defendant excepted, and brought a writ of error.

SAFFOLD, J.—The action was detinue, to recover a negro man slave, named Ben, brought in the Circuit Court of Tuskaloosa County, by Starke and J. P. Washington, as trustees, &c., for the use of W. E. Phillips, and C. J. King, administrators of Charles King, deceased, against the plaintiff in error.

The suit was commenced in December, 1829: the declaration is in the usual form. There does not appear to have been any plea filed, but verdict and judgment were rendered for the plaintiffs below, as upon a regular issue formed.

The plaintiff in error objects to the sufficiency of the proceedings, on the ground that it does not appear that any issue was actually joined: also, that *trustees,* claiming for the use of others, are incapable, in law, to sustain an action of *detinue,* for the trust property—that, in as much as they shew the interest to be in the *cestui que trust,* they are not entitled

to the possession of the property. These two points are submitted, without argument. As respects the first, it is sufficient to say, according to the principles of former decisions, with which we remain satisfied, that the party who should have pleaded, and who has proceeded to trial without objection, as upon a regular issue, shall not, afterwards, be permitted to avail himself of the objection, that there was no issue or plea. We will rather presume, that there was one, which has dropped from the record; or that, by mutual agreement, express or implied, the same was dispensed with.

As respects the competency of *trustees*, to maintain *detinue*, it is considered sufficient to remark, that *trustees* are presumed to hold the *legal* title, and, of course, are capable of litigating it, though the equitable interest be in another. We recognise no principle of law, which denies to trustees the authority to maintain *detinue*, more than other actions at law.

But the more material assignment of error, and that on which the plaintiff in error mainly relies, grows out of a bill of exceptions, taken on the trial: it relates to the admission of the deed of trust as evidence, and the instructions of the Court to the jury, in relation to it.

The deed appears to have embraced both real and personal estate, and was offered in evidence, against Baker, who was not a party to it. The certificate of the clerk was as follows: "The State of Alabama, County Court of Limestone, County, July the 18th, 1826. A deed of trust, executed by Robert Elliott, to Starke Washington and John P. Wash-

5 s. & p.        19

ington, to secure the payment of certain sums of money therein specified, was this day proven, in open Court, by the oath of Thomas P. Washington; which was ordered to be certified for registration.

     " Test,              J. ROBERSON, clerk."

Then follows the further certificate, or memorandum of the same clerk, *signed as above*, in these words:

" The State of Alabama—County Court. Clerk's office of Limestone County. The foregoing deed of trust was delivered in, at the office aforesaid, to be recorded, the 18th day of July, 1826; which was duly done, this 17th day of August, 1826.

     " Test,              J. ROBERSON, clerk."

The original execution of the deed was duly proved, in the Circuit Court, when offered as evidence, there—to the sufficiency of which proof, no objection is made; but, when offered as evidence, with the above certificates, it was objected to, on the part of the defendant below, on the ground, that there was no legal shewing, of its having been proved and recorded in the County of Limestone, sufficient to constitute it evidence, as a *registered deed*. The objection was overruled by the Court, and the jury were instructed, *that the authentication was sufficient to give notice to the world, of the trust condition of the property embraced in it, so far as related to personal property*.

The admission of this evidence, and the instructions of the Court, in relation to it, are the chief matters assigned for error.

The nature of a deed of trust pre-supposes a valuable consideration, and such is conceded to have

been the foundation of this conveyance, if executed in good faith.

It is shewn, that this deed was executed long before the statute of 1828, " to prevent frauds and fraudulent conveyances,"[a] which requires the registration of conveyances of *personal property, in trust, to secure debts,* so that this act can not affect this case. But, it is contended, that, under the more general statute of " frauds and fraudulent conveyances,"[b] deeds of this description, are required to be proved, in open Court, and recorded in the proper County, wherein one of the parties lives, within twelve months; that these facts must be duly authenticated, by proper *official* seals, without which they can not be received as evidence against creditors, or subsequent purchasers; and that, in this case, there were no sufficient certificates, (being no official seal, or excuse for it,) either of the proof of the deed, or of its registration, in the County of Limestone, where executed, and where one or all the parties are understood to have resided. Then the question arises, as to the application of the statute of frauds last referred to.

The part which is supposed by the counsel, to apply to this deed, is so much of the second section as holds this language: "And moreover, if any conveyance be of goods and chattels, *and be not, on consideration, deemed valuable in law,* it shall be taken to be fraudulent within this act; unless the same be by will, duly proved and recorded : *or by deed, in writing, acknowledged and proved;* or, if it be of goods and chattels only, then acknowledged or proved, by one or more witnesses, in the Superior Court or

[a] Aik. Dig. 208.

[b] Ib. 207.

County Court, wherein one of the parties lives, within twelve months after the execution thereof: or, unless possession shall really and *bona fide* remain with the donee."

The necessity of a full investigation of the application and influence of these provisions of the statute, is obviated by reference to a former decision of this Court,[a] in which the same principle was directly involved. The remarks there made, in reference to mortgages, are equally applicable to *deeds of trust*, or other conveyances, founded on *valuable consideration*.

[a] 1 Staw't & Porter, 262

We there held, that the clause of the statute above referred to, did not apply to mortgages, so as to require their proof or acknowledgment, or registration, within twelve months, though possession should not have been delivered. This was so ruled on the ground, that these requisitions did not apply to conveyances on valuable consideration, whether absolute or conditional, nor whether accompanied by possession of the property or not: that they apply only to conveyances, "not, on consideration, deemed valuable in law"—to such as are founded on kindred or affection.

We there held, also, that the latter clause of the second section, which provides that, "where any reservation or limitation shall be pretended to have been made, of a use or property, by way of condition, reversion, remainder, or otherwise, in goods and chattels, the possession whereof shall have remained in another, as aforesaid—the same shall be taken, as to creditors and purchasers of the persons aforesaid, so remaining in possession, to be fraudulent within this

act," applies only to conveyances, on consideration *not deemed valuable* in law.

To corroborate this construction, reference was then made to the third section of the same statute, which declares, that " this act shall not extend to any estate or interest in any lands, goods or chattels, &c., which shall be upon good consideration, and *bona fide*, lawfully conveyed or assured;" it was then, also shewn, as I yet maintain, that the " *good consideration*," as there referred to, means *valuable.*—See *Hogan* vs *Butts*,[a]

[a]3 Cranch, 155

Viewing this conveyance, then, as one not embraced by the statute of frauds referred to, the requisition of registration, after due proof or acknowledgment, in the County where one of the parties resides, does not apply to it: consequently there was no error in the opinion of the Circuit Court, admitting it as evidence before the jury, on legal proof, *then* made, of its original execution. But the Court did not stop there: the dignity of a registered deed was attached to the instrument, and the jury were instructed, *that the authentication was sufficient to give notice to the world, of the trust condition of the property embraced in it.*

Without deciding, whether or not the authentication, would be considered sufficient, to establish the facts of the proof and registration of the deed, if it were of the description required to be recorded, we are of opinion, it is not of that nature or description; and that, therefore, the most regular certificates of proof and registration, *would not be sufficient to give notice to the world*, or the public generally, of the trust condition of the property, embraced in it: that this

case must be governed by other principles, and, so far as applicable, by those recognised by this Court, in the case referred to, of *Killough* vs *Steel*,[a] and of *Hobbs* vs *Bibb*,[b] and *Ayres* vs *Moore*.[c]

[a] 1 Stew't & Porter, 262
[b] 2 Stew. 54
[c] 2 Ib. 336.

Let the judgment be reversed and the cause be remanded.