# Elston *v.* Roop & Sewell.

## *Action of Detinue.*

1. *Detinue; sufficiency of plea.*—In an action of detinue, a plea that "defendant further suggests that the title to suit is partly based upon a mortgage," presents no material issue, and should, upon motion, be stricken from the file.

2. *Same; same.*—In such action, a plea which attempts only to set up fraud in the execution of the mortgage covering the property sued for by the defendants to the plaintiffs, without showing that plaintiff's title to or right to recover the property depended upon or was affected by the alleged fraud, presents no defense to the action and is subject to demurrer and motion to strike.

3. *Execution of written instrument; attestation by one who did not see party sign.*—A writing may be validly attested by one who did not see the parties executing it sign such writing, if such parties appear before him and acknowledge that the signatures to the writing are their own, and requested him to sign in attestation of that fact; and this is true although the signatures of one of the parties to the instrument was made by his name being written for him and he affixing his mark thereto.

4. *Mortgage of personal property; when conveys title to agent and gives him right to maintain detinue.*—Where a mortgage of personal property is given to certain named persons described therein as agents of a third party, the certain named parties as mortgagees acquired title to said property and can maintain an action of detinue against the mortgagors upon default being made by them.

5. *Mortgage of personal property; right of possession thereunder; detinue; admissibility in evidence.*—A mortgage of personal property, in the absence of a stipulation to the contrary, vests in the mortgagee a right to immediate possession; and when such mortgage is given to secure the performance of a contract, if the mortgagor fails to perform the contract, the mortgagee can maintain an action of detinue for the mortgaged property, and said mortgage is not rendered inadmissible in evidence by the non-production of the contract, the performance of which was intended to be secured by the execution of the mortgage.

[Elston v. Roop & Sewell.]

6. *Detinue; mortgage of personal property; sufficiency of judgment.*
   Where in an action of detinue, the plaintiff's right to posses-
   sion is claimed under a mortgage which was given to se-
   cure the performance of a contract, which the mortgagor de-
   fendant had failed to perform, if there is a suggestion made
   upon the record that the suit was by a mortgagee against a
   mortgagor, as provided by statute, (Code, § 1477), and the
   cause is tried by the court without the intervention of a jury,
   it is proper for the court in rendering judgment to ascertain
   the amount of the mortgage debt to the amount expressly
   stipulated for in the mortgage, as liquidated damages which
   were to accrue upon the failure of the defendant to perform
   said contract.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This was an action of detinue brought by the ap-
pellees, Roop & Sewell, a partnership, against the ap-
pellants, Jarrett Elston and W. F. Elston, to recover
the possession of a horse, a mule, a buggy and wagon,
and the value of the hire, or use, of such property dur-
ing the detention thereof. The case was instituted in a
justice of the peace court and was carried to the city
court of Anniston by appeal. In the city court the de-
fendants filed the following pleas: "1. And now come
the defendants and say they are not guilty, and do not
detain the property sued for and described in the com-
plaint. 2. Defendants further suggests that the title
to suit is partly based upon a mortgage. 3. Defendants
say that they undertook to make a joint contract with
F. L. Gardner to carry the mail on route 24,316 from
Zula to Anniston for a term of one year, and that the
defendants were told by one Sewell, one of the plain-
tiffs in this case, that the contract referred to the mort-
gage contained in the agreement, and that relying on
the representations of Sewell, they undertook to exe-
cute said contract and the mortgage sued on, and that
said Sewell misled them as to the time, and that im-
mediately upon the discovery of the fraud practiced in
the procuring of the signature of defendants they at
once notified F. L. Gardner that they would not un-
dertake to carry said mail for four years as named in

the contract." The plaintiff demurred to the third plea upon the following grounds: "1. Said plea fails to show what connection the contract and mortgage therein referred to have with the plaintiffs' suit. 2. For that no sufficient facts are alleged to show that said contract and mortgage, if they are the basis of the suit, are not valid and binding. 3. For that said plea does not show any such false and fraudulent representations by plaintiffs, or any one for plaintiffs, as would avoid either the contract or mortgage referred to in the plea." The plaintiffs also moved to strike the third plea upon the ground that said plea is frivolous and fails to show wherein it would afford a defense and states no issue involved in the cause.

The plaintiffs moved to strike the defendant's' sug, gestion numbered 2 from the file upon the following grounds: 1. No facts are stated in said plea to show that plaintiffs claimed title to the property sued for by the terms of the mortgage. 2. That the fact that plaintiffs base their right to recover partly on a mortgage is no defense to the suit. 3. That said suggestion fails to state sufficient facts to authorize the court to ascertain any fact or issue in the case. The court sustained the plaintiffs' demurrers to the defendants' third plea and also the motions to strike the second and third pleas.

On the trial of the cause the plaintiffs introduced one George J. Stone, who testified, against the defendants' objection, that the defendants came before him and admitted that they signed a certain mortgage which was given to Roop & Sewell; that he did not see the defendants sign the mortgage, but that the defendants swore before him that they had signed the same, and that Jarrett Elston said to him that he made his mark opposite his name to said mortgage; that thereupon the witness signed his name as a witness to the signature of the defendants to said instrument and attached his notary public seal thereto. The paper referred to in the testimony of the witness Stone, which was purported to have been signed by the defndantes in the presence of the witness Stone was as follows: "State of Alabama, Calhoun County. Five days after failure

to transport the U. S. Mail on Route No. 24316 from Anniston to Zula from Aug. 13, 1900, to June 30, 1904, I agree to pay Roop & Sewell, Agents for F. L. Gardner, contractor with United States for above named route, three hundred dollars liquidated damages, for value received, with interest from the fifth day after failure until paid, at seven per cent per annum, with all costs of collection, including ten per cent attorney's fees. And to secure the payment of this note I hereby mortgage and convey unto said payees, their heirs and assigns, the following property, to-wit:" There then follows a description of the property sued for in the present action, and also a waiver of the right of exemption. Upon the plaintiffs offering this instrument in evidence the defendants objected upon the grounds: 1. That the execution of said instrument had not been proved. 2. Said mortgage does not show any title in the plaintiffs. 3. That the mortgage was irrelevant and immaterial. The court overruled the objections and the defendants duly excepted. The defendants then made a suggestion as provided under the statutes that the mortgage be ascertained. Sewell, one of the plaintiffs, testified as a witness, that the defendants had never carried the mail under the written contract which they signed with F. L. Gardner. It was further shown that the defendants were not in possession of the property at the time of the institution of the suit. Each of the defendants, as a witness, testified that they did not know at the time of executing the mortgage introduced in evidence that they were signing such paper; that they had agreed with F. L. Gardner upon representations made to them, that they would carry the mail, but that they had never agreed to execute the mortgage introduced in evidence, and that said mortgage was not read over to them before it was signed by them, nor did they know its contents. In rebuttal, Sewell, one of the plaintiffs, and George Stone, each, testified that the mortgage was read over to the defendants before they signed and executed the same.

The cause was tried by the court without the intervention of a jury. Upon the introduction of all the ev-

idence the court rendered judgment in favor of the plaintiffs, and in accordance with the suggestions on the record that the suit was by mortgagees against mortgagors, the court ascertained the amount of the mortgage debt to be the sum of $300. To the rendition of this judgment the defendants duly excepted. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

E. H. HANNA, for appellants.—If there was fraud in obtaining the signatures or in the execution of the contract, then plaintiffs could not recover.—*Foster v. Johnston*, 70 Ala. 249;*Davis v. Snyder*, 70 Ala. 315.

The mortgage should not have been introduced in evidence, for it was not shown to have been executed as required by law.—*Houston v. State*, 114 Ala. 15; *Stewart v. Beard*, 69 Ala. 470; *Bickley v. Keenan*, 60 Ala. 293.

COLEMAN & BLACKMON, *contra.*—The execution of the mortgage was sufficiently proved to allow the mortgage to be introduced in evidence.—9 Am. & Eng. Ency. Law (2d ed.), 149 and cases cited in note 4; *Merritt v. Phinx*, 48 Ala. 87; *Sharp v. Orme*, 61 Ala. 263; *Rogers v. Adams*, 66 Ala. 600; *Carlisle v. Carlisle*, 78 Ala. 542; *Torrey v. Forbes*, 94 Ala. 135; *Railroad Co. v. Hammond*, 104 Ala. 191.

The fact that the plaintiff in this suit was described in the mortgage as the agent of Gardner, did not prevent them from acquiring under the mortgage the title to the property conveyed therein. Under said mortgage they had the title to the property conveyed therein and a right to maintain an action of detinue.—*Chambers v. Mauldin*, 4 Ala. 447; *Barker v. Washington*, 5 S. & P. 142; 4 Am. & Eng. Ency. Pleading & Practice, note 7, page 514.

SHARPE, J.—Plea 2 to the complaint filed in the city court did not present a material issue, nor from anything appearing in the pleadings could it be seen that plea 3 presented a defense since it attempts only

to set up fraud in the execution of a mortgage without showing that plaintiffs' title to or right to recover the property depended on or was affected by the alleged fraud. These pleas were each subject to the demurrers and to the motion to strike.

A writing may be validly attested by one who did not see the parties to it sign, where they appear before him and acknowledge the signatures are their own, and requested him to sign in attestation of the fact.—1 Devlin on Deeds, § 257; 9 Am. & Eng. Ency. Law, 149 and note 4. In this way Stone's attestation of the mortgage under which the plaintiffs' claim was procured, and thereby the mark of Jarrett Elston became a signature within the meaning of that clause of section 1 of the Code which provides that "'signature' or 'subscription' includes mark when the person cannot write, his name being written near it, and witnessed by a person who writes his own name as a witness."

The fact that plaintiffs were described in the mortgage as agents for Gardner did not prevent title to the property from vesting in plaintiffs. It may be that as between them and Gardner they were only trustees, but they were not for that reason incapacitated to maintain the action.—*Baker v. Washington*, 5 Stew. & Port. 142; *Pierce v. Jackson*, 56 Ala. 599.

The mortgage though given to secure performance of a contract with Gardner was not rendered inadmissible as by the non-production of that contract, for under the issues the performance or breach of that contract was not involved. The mortgage on its face imported a present conveyance of the property sued for to the plaintiff as security for a debt to accrue upon specified contingency, viz.: defendants' failure to carry mail on a given route for four years. It contains nothing either expressly or impliedly postponing plaintiffs' right to have possession of the property or making that right to depend on a failure to perform the contract with Gardner. It, therefore, entitled the plaintiffs to have possession immediately upon its execution.—*Ellington v. Charleston*, 51 Ala. 166; *Heflin v. Slay*, 78 Ala. 180.

The gist of the action was the alleged wrongful de-

tention, and if the validity of the mortgage be assumed, the detention was wrongful since the plaintiffs had both the legal title and the right of possession. On the question of whether the mortgage was rendered invalid by fraudulent representations the burden of proof was on defendants and the evidence on that issue does not seem to preponderate in their favor.

Upon defendants' suggestion made under section 1477 of the Code the court sitting without a jury ascertained the amount of the mortgage debt to be $300, which was the amount expressly stipulated for in the mortgage as liquidated damages to accrue upon the failure of defendants to carry the mail on a given route for four years. This finding was proper whether the stipulation be regarded as one for liquidated damages of for a penalty. If for the former, the mortgage was security for the whole amount, and if for the latter the mortgage was still security for the damage actually sustained by the breach of the agreement, and of this amount the agreement of parties was evidence upon which the court was authorized to predicate its finding in the absence of other evidence on the subject, of which there was none.

The amount of the debt as ascertained exceeded the value of the property and, therefore, the court was not, under the statute, required to so frame the judgment as to allow defendants to pay the debt and costs in discharge of their liability to execution on the principal judgment; but the fact that the judgment was so rendered did not injure the defendants and was, therefore, not error entitling them to a reversal.

The judgment will be affirmed