BAKER *v.* MOSAIC TEMPLARS OF AMERICA.

Opinion delivered June 24, 1918.

1. INSURANCE—BENEFIT CERTIFICATE—COMPLIANCE WITH THE RULES OF THE ORDER.—Where the constitution and by-laws of a fraternal insurance order are made a part of a benefit certificate issued by it, it is necessary for the insured to comply with the laws of the order before any liability can accrue on the contract.

2. INSURANCE—BENEFIT CERTIFICATE—COMPLIANCE WITH RULES—DESIGNATION OF BENEFICIARY.—A provision in the by-laws of a fraternal insurance order that a death benefit would not be paid unless the insured had designated a beneficiary, *held* valid and binding.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; affirmed.

*Thomas J. Price,* for appellants.

1. The court erred in its declaration of law and in refusing to declare the law as requested by plaintiffs. Appellees were the only heirs at law of Emma Baker, who designated no one as her beneficiary. But such designation was not necessary when deceased left living heirs. Kirby & Castle's Dig., § 2850; 77 Hun, 6; 28 N. Y. S. 276; 29 Oh. St. 557; 24 Oh. Ct. Ct. 717; 114 Ill. 108; Act 462, Acts 1917, § 6.

2. The clause in the policy is against public policy. 98 Ark. 421. It is indefinite and uncertain. The will was a designation of a beneficiary. K. & C. Dig., § 10051.

*Scipio A. Jones,* for appellee.

1. No beneficiary was designated as provided in the policy. The heirs can not recover. 10 Fed. 227; Acts 1917, Act 462, § 6.

2. The clause is not against public policy. 37 S. W. 966.

3. The clause is not ambiguous, indefinite nor uncertain. 202 Mass. 85.

4. There being no designated beneficiary, the fund lapsed and reverted to the society. 1 Bacon on Ben. Soc. (4 ed.), 310. It was not payable to the heirs, estate or legal representatives, but to no one. 62 N. H. 55; 10 Fed. 227; 44 Md. 429; 42 S. W. 1043; 29 Cyc. 157-9; 143 Mass. 216; 37 S. W. 966; 59 N. J. L. 207; 77 Kan. 284; 60 Miss. 22; 202 Mass. 85; 81 Ark. 512, No breach of contract by appellee is shown.

HUMPHREYS, J. Appellants instituted suit in the Third Division of the Pulaski Circuit Court on the 30th day of March, 1918, against appellee, a fraternal benefit society organized under the laws of the State of Arkansas, to recover an amount alleged to be due them under the terms of an insurance policy issued by appellee on the life of their mother, who died on the 26th day of November, 1917.

Appellee denied any liability on the policy.

The cause was presented to the court, sitting as a jury, upon the pleadings, the policy and an agreed statement of facts, from which the court found that no liability existed under the terms of the policy, as applied to the facts in the case, and rendered a judgment accordingly, from which an appeal has been properly prosecuted to this court.

Appellee is an organization commonly known as a fraternal benefit association, society or order, and the policy issued is what is commonly denominated a beneficiary certificate. The policy contained a clause that the certificate, charter, articles of incorporation, constitution and laws of the society, and the application for membership and medical examination, and all amendments thereof, should constitute the agreement between the society and the member. The agreed statement of facts, upon which the cause was submitted, is as follows: "The plaintiffs, Irene Baker, Walter Baker and Willie Baker,

are the sole heirs at law of Emma Baker, deceased. Emma Baker died a financial member of the Mosaic Templars of America, a fraternal benefit society organized under the laws of the State of Arkansas, on the 26th day of November, 1917, and according to the terms of the certificate set out herein the certificate has a face value of one hundred dollars.

"A paragraph of the policy or certificate and this is Law No. 7, from the constitution and by-laws of the Mosaic Templars of America, states: 'Members holding policies in this order and dying without making some disposition of the same by will or assignment will not, under any consideration, be paid, and said will or assignment must be made in their own writing, or mark thereof, attested by the scribe of their temple, chamber or palace, and must be sent to the national grand scribe on final proof of death.'

"Emma Baker's certificate or policy had no will (or) assignment thereon, when filed with the defendant with the proof of death.'"

It is insisted by appellant that the failure to designate a beneficiary by will or assignment in the manner provided in the policy can not prevent a recovery. The policy specifically provides that the laws of the order shall become a part of the contract. The clause in question is law No. 7 of the organization. It was, therefore, necessary for the insured to comply with it before any liability would accrue on the contract. 1 Bacon on Benefit Societies, § 81; *Woodmen of the World* v. *Jackson*, 80 Ark. 419; *Supreme Lodge, K. & L. of H.*, v. *Johnson*, 81 Ark. 512.

(2) It is said, however, that a clause of this character is contrary to public policy and void. We know of no statutory provision in the State of Arkansas which is contravened by this clause in the contract. It does not conflict with section 6, Act 462, Acts 1917, as contended by appellant. That section of the statute provides who may become beneficiaries in fraternal benefit organizations and permits the selection of any one in the classes specified

as beneficiaries, and limits the organization in the passage of its laws to classes of beneficiaries specified in the section. The section does not prevent the organization or society from passing a by-law to the effect that unless a beneficiary is designated no liability shall accrue under the policy. In other words, it leaves the organization and its members free to contract against liability unless a beneficiary is designated. We do not see how the suggestion that the rule may work an irreparable injury on members on their dying bed can avail appellants. It is true that the statutes of Arkansas permit another person to sign the testator's name to a will at the testator's request, but this is the very thing that the rule attempts to avoid. The rule recognizes only those designations of beneficiaries in wills and assignments made in the testator's own writing or mark attested by the scribe of their temple, chamber of palace. This rule seems to have been for the purpose of preventing any contest as to the genuineness of wills or assignments designating the beneficiaries to whom the amounts due under the policy should be paid. It was a rule made for the protection of the society and not for the purpose of changing, or attempting to change, conflicting or attempting to conflict with, the laws of Arkansas with reference to the execution of wills.

It is said that the clause is indefinite and that it is uncertain what shall become of the amount due on the policy in case no beneficiary was named, and, for that reason, it should be regarded as property and descend to the heirs under the statute of descents and distributions. We think the clause is very definite. It provides for no liability in case the beneficiary is not designated, as provided in the policy. In other words, it provides that no amount shall be paid to any one unless the beneficiary has been designated. This policy contained no stipulation to pay the estate or personal representative of the insured any sum at his death. By virtue of his membership and certificate he had the power to appoint a beneficiary in the manner prescribed. Having no prop-

erty rights in the policy, the statute of descents and distributions has no application. Having failed to designate the beneficiary under the terms of the policy, no liability against the association accrued to any one. 1 Bacon on Benefit Societies (4 ed.), 310; *Eastman* v. *Provident Mut. Rel. Assn.*, 62 N. H. 555; *Worley* v. *N. W. Mass. Aid Assn.*, 10 Fed. 227; *Maryland Mut. Benev. Soc.* v. *Clendinen*, 44 Md. 429; 29 Cyc. 157-159; *Cook* v. *Improved Order Heptasophs*, 202 Mass. 85.

No error appearing in the record, the judgment is affirmed.