MOSAIC TEMPLARS OF AMERICA *v.* HEARON.

Opinion delivered May 22, 1922.

1. INSURANCE—DESIGNATION OF BENEFICIARY.—Where the by-laws of a beneficiary association were part of a contract of insurance, a provision that there should be no payment of benefits unless the beneficiary should be designated in writing by the insured, attested by a local officer of insurer, or by will attested by the same officer, *held* valid and binding.

2. INSURANCE—ASSIGNMENT, OF POLICY.—Unless a contract of insurance contains a restriction concerning assignments, an insurance policy may ordinarily be assigned in any form recognized by law, even by oral assignment.

3. INSURANCE—WAIVER OF PROVISION AS TO DESIGNATION OF BENE-
FICIARY.—Where the by-laws of a beneficiary association pro-
vided that the assignment of a policy should not be valid unless
attested by a local officer of insurer, the receipt of dues by such
officer from one to whom the policy had been assigned without
its being properly witnessed did not amount to a waiver of the
above provision; such officer having no authority to waive the
provision.

Appeal from Nevada Circuit Court; *J. H. McCol-
lum*, special judge; reversed.

*Scipio A. Jones*, for appellant, Mosaic Templars.

The constitution and by-laws of a fraternal benefi-
ciary association are part of the contract between the
member and the association. 109 Ark. 400; 113 Ark. 400;
174 S. W. (Ark.) 1197; 105 Ark. 140; 135 Ark. 65.   The
policy in suit was not "willed or assigned" according to
the by-laws, and there is no liability on appellant.

*H. E. Rouse*, for appellant, Rowton.

The association knew the relationship existing be-
tween the insured and this appellant; knew that he had
willed the insurance to Rowton, and demanded the pay-
ment of premiums from Rowton, and it cannot now be
permitted to take advantage of its own wrong to claim
that there is no beneficiary named. 99 Ark. 204; 67 Ark.
506; 71 Ark. 242; 52 Ark. 11; 111 Ark. 435; 142 Ark. 132;
132 Iowa 513.   The association having knowledge of
facts which would avoid the policy, in justice to the as-
sured and the honest conduct of its business, should have
notified the assured of the facts. 127 Ark. 133.   By its
failure to notify the insured, and the acceptance of the
premiums, under the conditions, the association is estop-
ped to claim a forfeiture. 85 Mo. 302; 66 N. Y. 23; 82
N. E. 692; 147 N. C. 339; 74 N. H. 334; 57 Ga. 469; 116
Mass. 321.   Forfeitures are not favored.   2 May on Ins.,
sec. 361; 96 U. S. 577; 53 Ark. 499; 206 S. W. 970; 103
Ark. 171; 107 Ark. 102; 130 Ark. 12.

McCULLOCH, C. J.   Appellant Mosaic Templars of
America is an incorporated fraternal society, which is-

sues benefit certificates, or policies of insurance, to its members in accordance with the terms of its constitution and by-laws.

The certificate, or policy, issued to members of the society does not designate the beneficiary, but merely states that the amount stipulated in the policy will be paid at the death of the member named, if in good standing financially at that time, to the "widow, widower, mother, father, sister, brother or relative by blood to fourth degree ascending or descending, to whom this policy may be willed or assigned."

The by-laws, which are made a part of the contract, contain the following provisions:

"Section 2. Members holding certificates in this order and dying without designating in their own writing or mark thereof, attested by the worthy scribe of their temple, or chamber, to whom the benefits shall be payable, then in such event the benefits provided in their certificates or polices will not be paid, under any condition or circumstances."

"Section 7. Members holding policies in this order and dying without making some disposition of the same by will or assignment, will not, under any consideration, be paid; and said will or assignment must be made in their own writing, or mark thereof, attested by the scribe of their temple, chamber or palace, and must be sent to the National Grand Scribe on final proof of death."

B. G. Bryant became a member of said society, through its local organization at McNeil, Arkansas, and a certificate or policy was issued to him on February 6, 1913, and he died while in good standing financially on September 13, 1919.

Bryant executed his last will and testament on July 21, 1916, whereby he bequeathed his policy in appellant society to his daughter, Minnie L. Hearon, the appellee, who was the plaintiff below. Bryant's will was duly attested by two witnesses in accordance with the laws of

this State and was duly probated, but the instrument was not attested by the local scribe of appellant society as provided in the by-laws.

Subsequent to the execution of his said will, Bryant executed an assignment of the policy to his illegitimate daughter, Frances Rowton, who is one of the appellants here. The instrument was signed by Bryant and witnessed by two persons, but not by the local scribe as provided in the by-laws.

This action was instituted on the policy by appellee, claiming to be the designated beneficiary under the last will and testament of Bryant.

Appellant Frances Rowton was made a party defendant in the action on the allegation that she was claiming some interest in the policy as beneficiary, and she filed her answer and cross-complaint against the Mosaic Templars of America, asking for recovery of the amount of the policy under the assignment to her by Bryant.

Appellant Mosaic Templars of America answered, denying liability to either of the parties.

The cause was tried before a jury, but the court gave a peremptory instruction in favor of appellee.

Each of the appellants filed a separate motion for a new trial, which was overruled, and each has duly prosecuted an appeal to this court.

The by-laws of the society constitute a part of the contract, and there was no liability for the payment of benefits unless there was a designation in the manner prescribed. *Baker* v. *Mosaic Templars of America,* 135 Ark. 65. In the case just cited, we said:

"It is insisted by appellant that the failure to designate a beneficiary by will or assignment in the manner provided in the policy cannot prevent a recovery. The policy specifically provides that the laws of the order shall become a part of the contract. The clause in question is law No. 7 of the organization. It was there-

fore necessary for the insured to comply with it before any liability would accrue on the contract.''

The words ''will or assign'' in by-law No. 7 were manifestly used synonymously as meaning the designation of the beneficiary under the policy, and the requirement was for the purpose of certainty and to prevent conflicts, and required that such designation should be in writing, signed by the assured, either in his own handwriting or by mark and attested by the scribe of the local society. No particular form was prescribed for the designation, except, as before stated, that it must be in writing and attested by the scribe. The designation could be by a last will and testament, executed in accordance with the laws of the State, or by a written instrument of assignment, but in either event the instrument must be attested by the local scribe.

In the present instance there was no attestation by the local scribe, either to the last will of Bryant, under which appellee claims, or to the written instrument under which appellant Frances Rowton claims.

The assignment to Frances Rowton does not bear date on its face, but there was proof tending to show that it was executed a short time before Bryant died. Frances Rowton testified herself that the assignment was executed in the year 1918, which was perhaps a year before Bryant died. At any rate, the proof shows that the written assignment to Frances Rowton was executed by Bryant several years after he executed his last will and testament in which he bequeathed this policy to his daughter, Minnie L. Hearon.

This conflict demonstrates the importance of giving effect to the provision of the by-laws which prescribes that the designation of a beneficiary must be attested by the local scribe. The by-law is mandatory in its terms, and to disregard it would be to set aside the plain contract between the parties, which we are not at liberty to do.

Ordinarily, an assignment of an insurance policy may be accomplished in any form recognized under the law, unless the contract itself contains a restriction in that respect. There may be even an oral assignment of a policy (*Citizens Bank* v. *Moore, Admr.* 134 Ark. 554), but in the present instance we have a plain restriction in the contract prescribing the only method by which the beneficiary may be designated.

It is claimed that there was a waiver of this defect by the conduct of the local scribe in accepting dues and assessments from Frances Rowton with knowledge that there had been an assignment of the certificate to her.

There is proof to the effect that the local scribe, whose duty it was to collect assessments and dues, was informed by Bryant a few months before his death that he had assigned the policy to Frances Rowton and payment of dues and assessments would thereafter be made by her. There was no authority on the part of the local scribe to waive this provision of the by-laws, nor was the society estopped by the conduct of its local officer in so doing. This is not a case of a waiver of forfeiture which may be brought about by the acceptance of payments of dues and assessments, which were payable whether there had been a proper designation of beneficiary or not. A member might continue to pay up to his death, but, as before stated, there was no liability unless there was a proper designation in accordance with the by-laws. The following decisions of this court are in point on that question: *Clinton* v. *Modern Woodmen of America,* 125 Ark. 115; *Grand Lodge* v. *Davidson,* 127 Ark. 133; *Pate* v. *Modern Woodmen of America,* 129 Ark. 159; *Miller* v. *Illinois Bankers Life Assn.* 138 Ark. 442; *Sovereign Camp Woodmen of the World* v. *Newsom,* 142 Ark. 132; *Sovereign Camp Woodmen of the World* v. *Peaugh,* 150 Ark. 176.

There having been no designation of beneficiary, there is no liability, and the peremptory instruction in favor of appellee was erroneous.

There is no liability to either party. Therefore the judgment must be reversed, and the judgment will be entered here in favor of appellant, Mosaic Templars of America, dismissing the action.

It is so ordered.

### DISSENTING OPINION.

HART, J. I think the judgment should be affirmed. I do not think *Baker* v. *Mosaic Templars of America,* 135 Ark. 65, sustains the doctrine of the majority opinion. In that case the insured made no attempt to comply with the by-laws by naming a beneficiary.

In this case the insured named Minnie Hearon, his legitimate daughter, as the beneficiary. She was a blood relation within the meaning of the by-laws, and therefore eligible to be made a beneficiary.

It is true that the appointment was defective in that the will was not attested by the scribe of the Templars; but this was a matter which the insured could waive, and did waive, by accepting the dues of the insured until his death.

The attempt to appoint as the beneficiary Frances Rowton, his illegitimate daughter, was ineffectual for any purpose for the reason that she was not eligible under the rules of the order.