### LAWSON *v.* BARBEE.

### Opinion delivered March 29, 1926.

1. INSURANCE—CERTIFICATE OF MUTUAL BENEFIT SOCIETY—CHANGE OF BENEFICIARY.—The holder of a benefit certificate issued by a mutual benefit society has no power to change the beneficiaries named therein unless expressly authorized to do so by the policy itself, or by the articles of association or by-laws of the society, where these are by the terms of the certificate made a part of it.

2. INSURANCE—BENEFIT CERTIFICATE—CHANGE OF BENEFICIARY.— Where a benefit certificate is silent on the subject of changing the beneficiary, and the constitution authorizes such change only upon an affidavit of the present beneficiary expressing a willingness, a change without the assent of the original beneficiary is unauthorized.

Appeal from Jefferson Circuit Court; *T. G. Parham,* Judge; affirmed.

*Williams & Holloway,* for appellant.

*A. F. Triplett,* for appellee.

SMITH, J. This litigation is between parties claiming to be beneficiaries under a benefit certificate issued by the Grand Court of Calanthe, Knights of Pythias,

upon the life of Callie Barbee, dated November 29, 1912. The insured died, and the fraternal order which issued the certificate admitted its liability thereon, and has paid the amount thereof into court. The certificate was payable to the children of the insured, who brought this suit, and Annie Lawson, a niece of the insured, intervened and was made a party, and filed an answer and cross-complaint, in which she alleged that the insured had, before her death, changed the beneficiary in said certificates by designating the intervener as the beneficiary.

The issues in the case were so framed that the case was disposed of on a demurrer to the answer and cross-complaint of the intervener, Annie Lawson. An amended complaint was filed, exhibiting the certificate sued on, and it was alleged in the amended complaint that the certificate was not assignable, and that the only provision in the constitution and by-laws of the defendant fraternal order concerning designation and change of beneficiary in the benefit certificates issued by the order was contained in § 13 of article 16 of the constitution, which reads as follows:

"Application for policies for new members must be accompanied with a medical certificate approved by the grand medical register, $0.05 for such approvals, $0.50 for new policy and endowment for current quarter in which member joins. When a policy is received by local court, name of beneficiary must be inserted in the assignment on the back of policy in the presence of the court with the worthy chancellor and register of deeds as witnesses. Any old member desiring to raise a policy must be examined, and send approval of grand medical register with fifty cents to the office of grand register of deeds. In making application for duplicate policy when misplaced, lost or destroyed, same must be accompanied by sworn affidavit, acknowledged by notary public, stating cause for same, and, if assignment is to be changed, by sworn affidavit of the same kind of willingness on the part of the present beneficiary before she can obtain

duplicate. Such policies shall bear both date of issue and date of first endowment.''

The alleged change in the beneficiary was made only five days before the death of the insured, but it was not alleged that the original beneficiaries had consented to the change, and no action was taken in regard to the change of beneficiary by the defendant fraternal order, but it is conceded that the attempted change of beneficiary was in form sufficient to support that action if there was in fact a right to change the beneficiary without the consent of the beneficiaries named in the certificate.

The question presented for decision is therefore whether the insured had the right to change the beneficiary without the consent of the beneficiaries named in the certificate.

In the case of *Johnson* v. *Hall,* 55 Ark. 210, this court, following its previous holding in the case of *Block* v. *Valley Mutual Ins. Assn.,* 52 Ark. 201, held that ''a certificate issued by a mutual benefit society by which it agrees, at the holder's death, to pay a certain sum of money to the holder's children, constitutes an ordinary policy of insurance; and the holder has no power to change the beneficiaries named in the certificate unless expressly authorized to do so by the policy itself, or by the articles of association or by-laws of the society, where these are by the terms of the policy made a part of it.''

In the case of *Caruth* v. *Clawson,* 97 Ark. 50, the court quoted the above language, and proceeded to say: ''Since those decisions were rendered by this court, the adjudged cases on the subject in the courts of the country have multiplied greatly, and the authorities are conflicting. It is unnecessary to determine where the weight of authority on the subject rests at this day; this court deliberately took position on the question, and we deem it inadvisable to change, even though the weight of authority be found now to be against us.''

The certificate sued on is exhibited with the complaint, and it is silent on the subject of changing the beneficiary.

The complaint alleges that the only provision on the subject found in the constitution and by-laws is contained in § 13 of article 16 of the constitution, which we have quoted in full. The relevant portion of this section of the constitution is the part reading as follows: "In making application for duplicate policy when misplaced, lost or destroyed, same must be accompanied by sworn affidavit, acknowledged by notary public, stating cause for same, and, if assignment is to be changed, by sworn affidavit of the same kind of willingness on the part of the present beneficiary before 'she can obtain duplicate."

Provision is there made for the issuance of a duplicate policy when the original is misplaced, lost or destroyed. It is there further provided that "if assignment is to be changed," which may mean if the beneficiary is to be changed, this may be done by making the same kind of affidavit required to obtain a duplicate in case the original certificate is misplaced, lost or destroyed, that is, one acknowledged by a notary public, stating cause, but this affidavit is to be accompanied "by sworn affidavit of the same kind of willingness on the part of the present beneficiary before she can obtain duplicate."

This language is very ambiguous, but if it be construed to mean that the beneficiary may be changed, the application requesting the change must be accompanied by an assent to the change on the part of "the first beneficiary" before the change can be made by the issuance of a duplicate or a new certificate.

An undenied allegation of the amended complaint is that the original beneficiaries, the plaintiffs in the case, did not assent to the change of beneficiary, and we must therefore hold that there was no authority to make the change. This is true because, as we have said, the only provision of the constitution or by-laws permitting a change of beneficiary authorizes the change only upon the condition that the original beneficiary consents thereto.

The court was correct therefore, under the pleadings in the case, in rendering judgment for the plaintiffs, and the judgment is therefore affirmed.