COMER v. RANEY.

Opinion delivered July 4, 1927.

1. INSURANCE—RIGHTS UNDER BENEFICIARY CERTIFICATE.—In an action on a beneficiary certificate the rights of the beneficiary must be determined by the contract itself, consisting of beneficiary certicate, the application therefor, and a constitution and by-laws of the insurer.

2. INSURANCE—NOTICE OF CONDITIONS OF BENEFICIARY CERTIFICATE.—The executor of a beneficiary under the beneficiary certificate who had the certificate in his possession after death of the beneficiary will be charged with notice of the terms and conditions of the certificate providing that benefits should be paid to the husband or wife of deceased if living; otherwise to the children, if all beneficiaries die during the lifetime of the member.

3. INSURANCE—RIGHT OF EXECUTOR TO RECOVER PREMIUMS PAID BY HIM. —Where the by-laws of the beneficial association provided for

payment to the spouse or children of the insured if beneficiary were dead, the executor of the beneficiary can recover only the amount of premiums paid by him after beneficiary's death in an action on beneficiary certificate, notwithstanding that the beneficiary paid substantially all premiums during his lifetime.

Appeal from Woodruff Chancery Court, Central District; *A. L. Hutchins,* Chancellor; affirmed.

*J. F. Summers,* for appellant.

*Roy D. Campbell,* for appellee.

McHANEY, J. In her lifetime Mrs. Julia A. Raney, mother of the appellees and a sister of the appellant, was a member of the Knight & Ladies of Honor, holding a beneficiary certificate therein in the sum of $2,000, payable $1,750 to J. E. Comer, her brother, and $250 to appellee, W. W. Raney, her son. On or about July 18, 1920, the insured surrendered her beneficiary certificate to the Fraternal Aid Union and received another beneficiary certificate in the latter for the same amount, in which her brother, J. E. Comer, was named the beneficiary. It is admitted that J. E. Comer paid substantially all the premiums or assessments due to the Knights & Ladies of Honor, and that, at the time this insurance was taken over by the Fraternal Aid Union, he refused to pay any more premiums or assessments unless he was made the sole beneficiary therein, which was done, and he thereafter paid all the premiums or assessments due to the Fraternal Aid Union until the time of his death, which occurred in the year 1923, during all of which time he had paid out to the Knights & Ladies of Honor $883.93 and to the Fraternal Aid Union $427.20, making a total of $1,311.13. At the time of his death J. E. Comer had this policy in his possession, and appellant, Andrew Comer, being the chief beneficiary and executor under the will of J. E. Comer, took charge of this policy, and thereafter, from August 1, 1923, paid all the premiums or assessments to the Fraternal Aid Union until the death of Julia A. Raney, which amounted to $464.60. The application for the insurance, the constitution and by-laws, together with the beneficiary

certificate or policy, constitute the contract in this case. The pertinent portion of one of the by-laws, No. 96, is as follows:

"If all the beneficiaries shall die during the life-time of the member, and he shall have made no other directions, the benefit shall be paid to the husband or wife of said member, if living at the time of his death; if no husband or wife survives the member, then said benefit shall be paid, share and share alike, to his children."

After the death of J. E. Comer, no request was ever made to change the beneficiary in the policy, and none was made. Appellant brought this suit to recover the full amount of the policy, and, after hearing the matter, the court entered a decree allowing appellant the amount of premiums paid by him personally, with interest, in the total amount of $496.10, and decreed the remainder to appellees. From this judgment this appeal is prosecuted.

We are of the opinion that the decree of the court is correct, and that the rights of the appellant in this policy must be determined by the contract itself, which, as heretofore stated, is the beneficiary certificate, the application therefor and the constitution and by-laws of the insurer. The Fraternal Aid Union was made a defendant in this action, and it answered, setting up the pertinent parts of the contract, including the section of the constitution and by-laws heretofore referred to. It admitted its liability on the policy, paid the money into the court, and asked that it be distributed to the proper parties.

Appellant had this policy in his possession all the time after the death of J. E. Comer, and will be charged with notice of the terms and conditions of the policy. He knew that it was made payable to J. E. Comer. He knew that the constitution and by-laws constituted part of the contract, and, by the slightest investigation, he could have known that, on the death of J. E. Comer, all the benefits, in case of the death of the insured, would,

by the terms of the contract, be payable to the children of the insured. He could, no doubt, have had Mrs. Raney change the beneficiary in this policy to himself. There is nothing in the record to show that there was any express agreement that appellant should have a lien on the policy for the amount of premiums paid by him or by his brother, J. E. Comer. J. E. Comer had no lien upon the policy, either express or implied, as, on the death of the insured, he was made the sole beneficiary, provided he survived her.

Under the decisions of this court, where a beneficiary certificate, such as is involved in this case, provides that the application, constitution and by-laws, together with the certificate, shall constitute the contract, the whole contract must be looked to in order to determine the rights of the parties thereunder, because it is the whole basis of the contract. *Baker* v. *Mosaic Templars,* 135 Ark. 65, 204 S. W. 612, L. R. A. 1918F, 776; *Eminent Household Columbian Woodmen* v. *McCray,* 156 Ark. 300, 247 S. W. 379; *Mutual Aid Society* v. *Lovett,* 170 Ark. 745, 281 S. W. 354. And in *Lawson* v. *Barbee,* 170 Ark. 833, 281 S. W. 365, quoting syllabus, it is said:

"The holder of a benefit certificate issued by a mutual benefit society has no power to change the beneficiaries named therein, unless expressly authorized to do so by the policy itself, or by the articles of association or by-laws of the society, where these are, by the terms of the certificate, made a part of it."

In *Block* v. *Valley Mutual Insurance Co.,* 52 Ark. 206, 12 S. W. 477, 478, 20 Am. St. Rep. 166, it was said:

"But regardless of the character of the company, the rights of persons claiming insurance arise out of and upon contract, and must be ascertained and fixed by the contract. Although the object of the company in entering into the contract may be benevolent, this purpose can impart no new meaning to the unambiguous terms of the writing. When the courts are invoked, the contract measures the rights of one and the obligation of the

other party, and relief must be granted, if at all, according to its terms.''

Numerous cases might be cited to the same effect, but we deem it unnecessary to do so, as we now hold that appellant's rights are to be determined by the contract, which includes the policy, the application, and the constitution and by-laws, and these, providing how the benefits shall be paid in case of the predecease of the beneficiary, are controlling here.

The decree of the chancery court is right, and it is therefore affirmed.