(118 So. 764)

## MOSAIC TEMPLARS OF AMERICA v. EL-LINGTON.   (3 Div. 852.)

Supreme Court of Alabama.   Nov. 22, 1928.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

BROWN, J.   This action is by the appellee, suing as the executor and trustee under the will of Bessie Ellington, deceased, against the appellant on a policy or certificate of insurance issued to plaintiff's testatrix as a "financial member" of the defendant society "in good standing," and providing that, should she so continue until death, "their widow, widower, mother, father, · sister, brother, or relative by blood to the fourth degree, ascending or descending, *to whom this policy may be willed* or assigned, shall be paid any sum not to exceed $300.00, death policy to be paid out of treasury of the Grand Temple, ninety days after filing complete death proof."

Proof of death was made, and the defendant refused payment on the ground that the deceased member had failed to comply with one of the by-laws ·of the society, made a part of the contract by express provision therein, providing that—

"members holding policies in this Order and dying without making disposition of the same by will or assignment, will not under any consideration, be paid; *and said will or assignment must be made in their own writing, or mark thereof, attested by the Scribe of their temple, Chamber or Palace, and must be sent to the National Grand Scribe on final proof of death.*" (Italics supplied.)

There is no evidence that the deceased member executed a will in strict compliance with the provision of this by-law, and, if this· was all that the contract provided, we might be constrained to hold in line with the case of Baker v. Mosaic Templars, 135 Ark. 65, 204 S. W. 612, L. R. A. 1918F, 776, that, in the absence of strict compliance with the provisions of the contract, the policy would not support an action, for it is the generally accepted rule in actions on contracts that the contract is the measure of the plaintiff's right.   This case was followed by the same court in the later case of Mosaic Templars of Amer. v. Hearon, 153 Ark. 568, 241 S. W. 35, 27 A. L. R. 1147.

It is likewise well settled that there is no legal objection to a benevolent and beneficial association prescribing the mode in which its members shall designate their benefici-

C. H. Roquemore, of Montgomery, for appellant.

416

aries, and, where the constitution and by-laws of the particular association prescribe a certain manner in which a beneficiary shall be designated, such rule and regulation must be complied with in all its substantial details. 19 R. C. L. 1289; Thomas v. Covert, 126 Wis. 593, 105 N. W. 922, 3 L. R. A. (N. S.) 904, 5 Ann. Cas. 456; note, 19 Am. St. Rep. 786.

But here the policy also provides:

"In consideration of the faithful performance of the above agreement and the obeying of all the laws now in force or that may be enacted by the National or State Grand Temples of the Mosaic Templars of America by the insured or holder of this policy herein named, the Mosaic Templars of America agrees, at the death of said insured, to pay to the person or persons *mentioned in the will made by the insured during their life time* the following amount * * * —should the insured die three years after the date of this policy, the beneficiaries shall receive full value of this policy, which face value is declared to be three hundred dollars," and endorsed on the policy immediately preceding the form of will prescribed is the provision: "unless the will is signed by deceased and willed to someone together with *being witnessed by two disinterested parties* the value of the policy will not be paid."

And the by-laws of the association provide that—

"the payment of death benefits shall be confined to such beneficiaries as permitted in the statute of the State in which the deceased resides."

Here we have a contract which on its face is ambiguous, in which the defendant engaged to pay to one or more of a designated class "to whom *the policy* may be willed," and in another clause it engages to pay to the person *"mentioned in the will made by the insured* during her life time."

In one clause of the contract the will is required to be attested "*by the scribe*" of the member's temple, chamber, or palace, and in another it is provided that it may be witnessed "*by two disinterested persons.*"

The evidence shows that the deceased member made a will which was witnessed by two disinterested persons, devising and bequeathing to her son, Edgar Ellington, all of her property, "of whatsoever kind, real, personal and mixed of which I may die seized and possessed or to which I may be entitled at the time of my death, to be held and managed for my said son's sole use and benefit by Philmore F. Ellington, whom I hereby appoint as Trustee for him to handle, manage and collect the profits for him and apply the same to his support and education." This will was duly proven and admitted to probate, and the plaintiff was appointed and qualified as the executor thereunder.

■ Therefore, treating the policy, not as property, but as conferring on the member the power and right of disposal—jus disponendi (Slaughter v. Grand Lodge et al., 192 Ala.

301, 68 So. 367; Maryland Mut. Benevolent Soc. v. Clendinon, Adm'r, 44 Md. 429, 22 Am. Rep. 52; Warner v. Mod. Woodmen of America, 67 Neb. 233, 93 N. W. 397, 61 L. R. A. 603, 108 Am. St. Rep. 634, 2 Ann. Cas. 660)—and interpreting the contract consonant with the apparent intention and object of the parties, resolving doubt against the insurer, we hold that the insured, by the execution of her last will, naming Edgar Ellington, her son, as the sole beneficiary of her bounty, effectively exercised the power of disposal, and he, being within the class who could take, was thereby made the beneficiary of said policy. Code of 1923, § 8445; Piedmont, etc., Ins. Co. v. Young, 58 Ala. 476; Central City Ins. Co. v. Oates, 86 Ala. 558, 6 So. 83, 11 Am. St. Rep. 67; Loventhal v. Home Ins. Co., 112 Ala. 108, 20 So. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17; Travelers' Ins. Co. v. Plaster, 210 Ala. 607, 98 So. 909.

■ By the same instrument through which she exercised the power of disposal, there being nothing in the contract or statute prohibiting, she named the executor of her will as trustee for Edgar, imposing on him active duties, and invested him with the legal title, however, in trust to the use of the son, arming him with the right to sue and recover the money. Baker v. Washington, 5 Stew. & P. 142; Elston v. Roop & Sewell, 133 Ala. 331, 32 So. 129.

We therefore conclude that the proceedings of the trial court are free from reversible error, and that the judgment of that court is due to be affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.